[Civ. No. 1218. First Appellate District.—November 20, 1913.]

## R. L. DOUGLAS, Respondent, v. F. SPANGENBERG, Appellant.

Broker—Commission for Sale of Real Estate—Production of Purchaser.—A broker's contract for the sale of real estate is not performed, nor is his commission earned, until it affirmatively appears that he has procured and secured a purchaser ready, willing, and able to buy the property offered for sale upon the terms and conditions and at the price fixed by the owner.

Id.—Commission—What must be Done in Order to Earn.—Such a showing can be made only by proof of the fact that the broker procured from the prospective purchaser an enforceable contract binding him to purchase the property offered for sale at the price and upon the terms specified by the owner or assented to by him; or, in the absence of such a contract, by proof of the fact that the broker brought the owner and prospective purchaser together for the purpose of consummating a contract of sale at the price and upon the terms proposed or assented to by the owner, and that the owner declined to proceed with the sale upon such terms.

Id.—Action for Commission—Sufficiency of Evidence.—In this action by a broker against his principal for commissions alleged to

have been earned in procuring a purchaser for real estate, the evidence fails to show that the broker procured a purchaser who was ready, able, and willing to buy upon the terms originally authorized by the principal, or upon other and different terms proposed by the broker and subsequently accepted and ratified by the principal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

F. J. Castelhun, for Appellant.

Percy E. Towne, for Respondent.

LENNON, P. J.—This is an appeal from the judgment and from an order denying a new trial.

The plaintiff had judgment against the defendant in the sum of $1,690, alleged to have been earned by the plaintiff as a broker's commission in procuring a purchaser for certain real estate belonging to the defendant.

The facts in the case as revealed by the pleadings and proof are substantially these:

On December 5, 1910, the defendant, by an instrument in writing, authorized the plaintiff to offer for sale a tract of land in Tehama County containing three hundred and forty acres. By the terms of the authorization the plaintiff was empowered to offer the entire tract for sale at $52.50 per acre, upon the express condition that "not less than seven thousand five hundred dollars cash in United States gold coin" should be paid down, and the "balance as may be mutually agreed upon."

The complaint proceeded upon the theory that plaintiff had procured a purchaser for defendant's lands at fifty-five dollars per acre, who was ready, willing, and able to buy, and who, as an evidence of good faith, had deposited with the plaintiff the sum of one thousand dollars in cash as the first payment on account of the purchase price. The complaint further alleged that the plaintiff had reported to defendant the procurement of this particular purchaser and the payment of one thousand dollars in cash, and that the defendant in writing had approved the acceptance by plaintiff of the one thousand

dollars cash deposit, and ratified in writing the other terms and conditions of the sale, notwithstanding that they were at variance with the terms and conditions of sale specified in the original authorization.

The trial court found as a fact that the plaintiff had sold the defendant's lands at the price of fifty-five dollars per acre to a prospective purchaser, who had paid one thousand dollars on account of the purchase price, and that such purchaser was ready, able, and willing to complete the purchase upon the terms proposed by plaintiff. and assented to in writing by the defendant. The insufficiency of the evidence to justify this finding is one of the grounds for defendant's motion for a new trial, and is now urged as a reason for reversing the judgment. In this behalf it is the defendant's contention that · plaintiff's evidence fails to show, as plaintiff alleged, that he had procured a purchaser for defendant's lands who was ready, able, and willing to purchase them upon the terms originally proposed by the defendant, or upon other and different terms proposed by the plaintiff and which were subsequently accepted and ratified in writing by the defendant.

This contention must be sustained.

A broker's contract for the sale of real estate is not performed, nor is his commission earned, until it affirmatively appears that he has procured and secured a purchaser ready, willing, and able to buy the property offered for sale upon the terms and conditions and at the price fixed by the owner. Such a showing can be made only by proof of the fact that the broker procured from the prospective purchaser an enforceable contract binding him to purchase the property offered for sale at the price and upon the terms specified by the owner or assented to by him; or, in the absence of such a contract, by proof of the fact that the broker brought the owner and prospective purchaser together for the purpose of consummating a contract of sale at the price and upon the terms proposed or assented to by the owner, and that the owner declined to proceed with the sale upon such terms.

No such showing was made in the present case. On the contrary, the evidence shows without conflict that the plaintiff procured a purchaser named Ordway for the defendant's land upon terms essentially different from those originally authorized by the defendant. Clearly the original authorization to

plaintiff did not empower him to accept any sum less than seven thousand five hundred dollars in cash on account of the purchase price, nor authorize him to make any terms with reference to the time and manner of payment of the balance of the purchase price which would not meet with the approval of the defendant. Notwithstanding the express limitation upon the authority of the plaintiff he procured and accepted from Ordway, the prospective purchaser, a contract to purchase which provided for a first payment on account of the purchase price of only one thousand dollars, and prescribed conditions for the payment of the balance of the purchase price regardless of the terms and conditions contained in the authorization from the defendant. Of course if the plaintiff had proved, as he pleaded, that the contract procured from Ordway was subsequently accepted and ratified by the defendant there would be no question but that the plaintiff would be entitled to the commission sued for. The evidence, however, fails to show any such acceptance and ratification. True, it does appear in evidence that subsequent to the execution of the original authorization a paper writing was signed by the defendant and delivered to the plaintiff, addressed ''To whom it may concern,'' and purporting to be an offer by the defendant to sell the same land described in the original authorization to plaintiff upon terms which in several particulars were identical with those specified in the contract previously procured by plaintiff from Ordway. This paper writing, however, neither expressly nor by implication purported to affirm or ratify such contract; and furthermore it appears to be an undisputed fact in the case that said paper writing was never finally accepted by the plaintiff either as a ratification of the contract with Ordway, or as a new and independent authorization for the sale of defendant's lands. Upon this point the evidence without conflict is to the effect that said paper writing was returned to the defendant unaccepted because plaintiff was dissatisfied with some of its terms, and upon the understanding that a new agreement upon different terms, authorizing the plaintiff to make a sale of the defendant's property, would be entered into. This new agreement, as the evidence shows without conflict, was never executed.

Under these circumstances it must be held that the evidence does not support the finding that the defendant in writing

accepted and ratified the contract of purchase which the plaintiff procured from Ordway. This being so, plaintiff's case must stand upon the original authorization; and upon that phase of the case the evidence shows without conflict that the plaintiff failed to procure a purchaser who was ready, able, and willing to buy upon the terms and conditions imposed by the defendant. In any view of the case it is clear that the evidence does not support the findings, and therefore the judgment and order appealed from are reversed.

Richards, J., and Kerrigan, J., concurred.