[S. F. No. 7894. In Bank.—March 28, 1917.]

E. G. HICKS, Doing Business Under the Name and Style of THE TEXAS COAST LAND COMPANY, Respondent, v. A. CHRISTESON, Appellant.

AGENCY—AUTHORITY TO CONTRACT FOR SALE OF LAND—OPTIONAL CONTRACT OF PURCHASE—RATIFICATION.—An agent whose authority was limited to contract for the sale of the land of his principal at a stated price, deferred payments to be made and secured in a specified manner, does not earn his commission by finding a person with whom he enters into an agreement giving him an optional right to purchase the land, with a longer time in which to make deferred payments, where there was no ratification of such agreement by the principal, and no exercise of the option by the prospective purchaser.

ID.—INSUFFICIENT EVIDENCE OF RATIFICATION.—The principal, after receiving a letter from the agent notifying him of the making of a "tentative" contract for the sale of the land, without being informed of its optional character or of other respects in which it differed from the contract of sale which the agent was empowered to execute, did not ratify the optional agreement by writing a letter in reply, the only effect of which was to enlarge the authority of the agent with reference to the deferred payments.

ID.—OPTION NOT A SALE.—An option is by no means a sale of property but is the sale of a right to purchase.

ID.—FAILURE TO EXERCISE OPTION.—In this action, the evidence fails to show that the prospective purchaser ever exercised, or expressed his intention to exercise, the option to purchase the land in question.

ID.—BINDING CONTRACT TO PURCHASE ESSENTIAL TO GIVE BROKER RIGHT
    TO COMMISSION.—Unless an intending purchaser has entered into a
    contract binding him to buy the property or has offered to the ven-
    dor and not merely to the broker to make such an agreement, the
    broker has not earned his commission.

PLEADING—AMENDED COMPLAINT—STATUTE OF LIMITATIONS.—A cause
    of action set up in an amended complaint filed after the expiration
    of the period limited by the statute is not barred if the original
    complaint was filed within the statutory period and both pleadings
    relate to the same cause of action.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order refus-
ing a new trial.   John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Knight & Heggerty, and Wm. M. Madden, for Appellant.

Byrne & Lamson, and Leslie E. Burks, *Amici Curiae,* for
Respondent.

MELVIN, J.—Defendant appeals from the judgment and
from an order denying his motion for a new trial.

The action was one by which plaintiff sought to recover,
$893.90 as damages for defendant's failure to carry into effect
an alleged agreement for the sale of real property located in
Texas.   It was the contention of respondent that defendant
was bound under the terms of a written contract of employ-
ment to pay to him the amount sued for, by reason of Christe-
son's failure to carry out an arrangement negotiated by plain-
tiff for the sale of the property to one McCrory.

The date of the original contract between the parties to this
action was December 4, 1907.   On that day defendant signed
a writing by the terms of which he appointed plaintiff his
agent to procure a purchaser and to enter into a contract to
sell 1,365 acres of land in the "Edward Beaty League," in
the state of Texas.   The agreement was mailed to plaintiff
at Victoria, Texas, and was delivered, accepted, and signed
by him there.   By this writing defendant appointed plain-
tiff his exclusive agent for twelve months to sell the land at
four dollars per acre net to the vendor, and (to quote directly
from the instrument), "thereafter until said agency is by me
terminated in writing with full authority to execute a con-

tract for the sale of said land in accordance herewith in my name and behalf. ⅓ of the amounts to be received by us for said land shall be paid in cash and the balance ⅔ within 1, 2 and 3 years shall be secured by the vendor's lien 7% interest in the warranty deed to said land to be executed as soon as purchaser is found and to recite as consideration therein such amount as said agent shall designate.'' The other parts of the contract had reference to the furnishing of an abstract of title and to other matters which need not be discussed here.

After entering into the said contract, the plaintiff, on May 23, 1908, executed an agreement signed by himself, and one W. W. McCrory, wherein it was provided that in consideration of $333⅓ paid by McCrory to plaintiff the former should have the option from the date of the agreement to November 1, 1908, to purchase the property upon the following terms: $1.50 cash per acre and notes in the sum of three dollars per acre bearing interest at seven per cent and secured by a vendor's lien. These notes were to provide for the payment of the balance of the purchase price in three equal sums two, three, and four years after date. The amount paid on the execution of the option agreement was to apply on the purchase price if the option should be exercised, and plaintiff, as the agent of Christeson, promised to convey the land to McCrory or to whomsoever he might name by a good and sufficient deed of warranty in the event of the exercise of the option. This contract also provided for the tender of a deed or deeds from Christeson to McCrory upon compliance with the terms of the sale. The writing itself was not sent to Mr. Christeson, but he was notified by a letter dated May 27, 1908, that Mr. Hicks had made a ''tentative'' contract with some person. The letter contained the following sentence: ''He is to pay one third cash and give vendor lien notes for the balance payable in equal payments on the deferred in 2, 3 & 4 years. That is you will receive one dollar per acre cash and three dollars per acre in notes.'' On June 10, 1908, a letter was written by Christeson to Hicks informing him that Sarah A. Christeson had owned a half interest in the land for three years but undertaking to get her agreement, signature, and acknowledgment to the deed at the proper time if the sale were made. Answering the part of the letter from Hicks to the effect that

the latter's commission would be fifty cents per acre, the defendant wrote:

"I observe, in this connection, you indicate that the warranty deed is to recite a consideration of $5.00 per acre, which I take to mean that you are selling the land for $5.00. If so and your commission being 50 cents, while of course I agreed to accept $4.00 to me net, but under the circumstances don't you think it would be about fair to divide the other half dollar, giving me 25 cents, or rather $4.25 per acre and you retaining the balance?

"The payment of $1.00 down of course is satisfactory and is in accordance with previous understanding, the balance to be covered by vendor lien notes, payable in two, three and four years, and if sale is made you can have deed drawn, and send to me for signature and execution."

On September 21, 1908, A. Christeson wrote advising Mr. Hicks that he had transferred all of his interest in the land to Sarah A. Christeson, formerly his wife. "Of course," wrote defendant, "any further negotiations in regard to this land will have to be carried on with her."

Appellant calls attention to the fact that the contract of option itself was never sent to him for his inspection, and he attacks the court's finding that there had been a ratification of the optional agreement. We agree with appellant that no such ratification ever took place. There was nothing in the letter of respondent to Christeson dated June 10, 1908 (upon which the court based its conclusion that Christeson had consented to a modification of the original contract), by which Christeson authorized or ratified any option by which the land might be held out of the market and subjected to the whim of any prospective purchaser. The only effect of that letter was to enlarge the authority of the agent with reference to the deferred payments. The writer did not give him further power to accept an agreement different in its essence from the *contract for the sale* of Christeson's land which he was empowered to execute. He was not informed by the agent regarding the name of the other party to the "tentative contract," or the payment for the option, or the arrangement that, upon default of the option-holder, such sum should be forfeited *not* to Christeson, but to Hicks, and unless we can say that these were matters which, under the original contract of agency, were left to the discretion of Hicks, we

must hold that the option was not binding upon Christeson. The agreement which is the fountain-head of any authority possessed by plaintiff gave him the right to contract for a *sale*. An option is by no means a sale of property, but is the sale of a right to purchase. (*Dreyfus* v. *Richardson,* 20 Cal. App. 800–805, [130 Pac. 161]; *Pehl* v. *Fanton,* 17 Cal. App. 247, [119 Pac. 400]—cases which this court approved by declining to review the decisions.) Therefore, if we seek to justify the court's finding upon the letter written by the vendor to his agent, we see that there was no meeting of the minds of Hicks and Christeson except upon the one question of the modification of the terms of the sale.

But respondent insists that he furnished a buyer who was able, ready, and willing to purchase the land on the terms proposed, and that he is therefore entitled to his commission. The most complete answer to this contention is found in the fact that so far as the evidence shows, McCrory never agreed to purchase the property upon the terms of the option. Since a contract for the sale of real property must be in writing (Civ. Code, sec. 1624, subd. 5), it must follow, says appellant, that McCrory's election to purchase, if of any value, must have been expressed in writing. The writing upon which reliance is placed by respondent is a letter by McCrory to him. This was undated, but according to the writer's testimony was mailed about the month of September, 1908. There was no pretense that McCrory ever dealt directly with Christeson, and although the former testified that he had orally informed Hicks that he intended to exercise his option, he did not give the details of any conversation; therefore, even if we were to hold that the court might have based the finding of election to purchase upon oral testimony, the strongest evidence which was offered on that subject was in the language of the letter of McCrory to Hicks, and that language did not bind McCrory to take the land. The pertinent parts of the letter are as follows:

"I am inclosing you herein deed to be signed by A. Christeson and Sarah Christeson also the notes to be signed by me. . . .

"Under our agreement I have until November 1st to close up the deal but as Mr. Christeson is sometimes away from home, hard to hear from, etc., I will I think be able to get the matter closed up before that time. I am sending the deed

and notes along now with the idea that they will be back here by October 1st. You can instruct Mr. Christeson to send the deed properly executed by himself and Sarah Christeson to the Allen National Bank of Edna, Edna, Texas, with instructions to deliver same to me upon my signing the inclosed notes and paying to his credit the sum of $1355 and to your credit the sum of $677.50 less the forfeit money already deposited with you. . . .

"I have had the abstract made and it runs about 35 pages of typewritten matter. The affair that you sent me was no abstract at all. . . . I have dropped the matter of having the line through the brush run out as it is about two miles long and all very thick timber and the fact is that you can hardly get help to do this work among the ticks and in the heat, so I have drawn the deed for the acreage shown by the old surveys to wit: 1355 acres. I think Mr. Christeson is under his contract with you to furnish an abstract so I will expect him to pay for the abstract, as the matter he sent was no abstract at all and would be of no use at all to me in case of sale and I have to furnish abstract."

This letter still leaves the matter within the option and caprice of McCrory. He does not say in this letter that he elects to exercise his option nor that he will purchase, nor that he will sign the notes and pay the money. The deed was not drawn for 1,365 acres, the area specified in the contract between Hicks and Christeson, but for a smaller tract of land, and he seeks to charge Christeson with the expense of preparing an abstract which the latter had never ordered. There was nothing in the option requiring the deposit of a deed in escrow in Texas or elsewhere, and the prospective vendee could not arbitrarily read such a requirement into the contract, select the place of escrow, and then conplain that the other party to the option had violated the agreement. It is evident that if Christeson had complied with all of the terms of the letter of McCrory to his agent and McCrory had failed to complete the transaction by signing the notes and paying the money, Christeson would have been without a cause of action for specific performance of a contract of sale. His only recourse would have been against Hicks for the amount which McCrory had deposited with the latter as a consideration for the option. Unless an intending purchaser has entered into a contract binding him to buy the property

or has offered to the vendor, and not merely to the broker, to make such an agreement, the broker has not earned his commission. (*Gunn* v. *Bank of California*, 99 Cal. 349, [33 Pac. 1105]; *Mattingly* v. *Pennie*, 105 Cal. 514, [45 Am. St. Rep. 87, 39 Pac. 200]; *Mott* v. *Minor*, 11 Cal. App. 774–779, [106 Pac. 244]; *Douglas* v. *Spangenberg*, 23 Cal. App. 294–296, [137 Pac. 1103]; *Massie* v. *Chatom*, 163 Cal. 772–776, [127 Pac. 56].) It is not pretended that an offer of any sort was made to Christeson personally, and the letter to Hicks was nothing more than a proposal for a change in the terms of the option. It follows that even if we give to the optional agreement all of the force accorded to it by the learned superior court, we must reverse the judgment, because the proof fails to show any binding *contract for the sale* of Christeson's land. This conclusion makes it unnecessary to consider any of the other assignments of error except the plea of the statute of limitations.

Appellant contended that the cause of action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. The original complaint concededly was filed within the statutory time, and although the amended complaint was prepared after the expiration of the period limited by the statute, we are satisfied that both pleadings relate to the same cause of action.

The judgment and order are reversed.

Henshaw, J., Sloss, J., Shaw, J., Lorigan, J., and Lawlor, J., concurred.

Rehearing denied.