[Civ. No. 4901. First Appellate District, Division Two.—December 22, 1924.]

## A. SPRAGUE et al., Respondents, v. J. L. DOLAN, Appellant.

[1] BROKER'S COMMISSIONS — PROCURING OF PURCHASER—WHEN COMMISSION EARNED.—In an action to recover a real estate broker's commission where no sale was actually made, it is incumbent upon the plaintiffs to prove that they found a purchaser ready, willing,

---

1. When broker's commission earned, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225.

Necessity of procuring written contract from purchaser to entitle real estate broker to commissions, notes, 44 L. R. A. 605; 46 L. R. A. (N. S.) 129. See, also, 4 R. C. L. 307; 4 Cal. Jur. 59.

and able to buy the property on the terms fixed, and either that they procured from that person a valid contract binding him to purchase the property upon those terms, or that they brought the vendor and the proposed purchaser together so that the vendor might have secured such a binding contract.

[2] ID.—READINESS AND WILLINGNESS OF PURCHASER—EVIDENCE.—In such an action, the readiness and willingness of a person to buy the property can be shown only by an offer on his part to purchase; and unless he has actually entered into a contract binding him to purchase, or has offered to the vendor, and not merely to the broker, to enter into such contract, he cannot be considered a purchaser.

(1) 9 C. J., p. 591, n. 20, p. 596, n. 33, p. 609, n. 97.   (2) 9 C. J., p. 599, n. 48.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Claude F. Purkitt, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Goldman, Rye, Surr & Spicer for Appellant.

Gerald C. Halsey and Frederic T. Leo for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to recover a judgment for commissions alleged to have been earned as brokers in making a sale of an apartment house for the defendant. The case was tried by the trial court sitting without a jury. Judgment went for the plaintiffs as prayed and the defendant has appealed under section 953a of the Code of Civil Procedure.

Prior to March 30, 1923, the defendant held a lease on an apartment house at number 2402 California Street in San Francisco. The furnishings therein were owned by him. The lease had nearly expired and had but a short time to run. Under these circumstances the plaintiffs applied to the defendant for authority to negotiate a sale of the defendant's interests. After some bartering an authorization was executed in writing giving the authority for the period of five days from March 30, 1923. March 30, 1923, was Friday, and the last day under the terms of the contract, therefore, was Wednesday, April 4, 1923. The price named in the authorization was $11,000, and the commission agreed upon was five per cent. The client of the plaintiffs was Mr.

La Lanne. Mrs. Sprague took him to see the property on March 30, 1923. He made an examination of the whole. Then followed bartering as to the price to be paid. Mr. La Lanne wanted the property at $10,000. The defendant would not consent to modify the price above mentioned, $11,000. No written contract was ever executed between the owner and the purchaser. Mr. La Lanne never told the defendant nor the defendant's wife that he would pay $11,000, never tendered that sum, never applied for transfer papers, and never directly held any communication with the defendant or his wife except as above mentioned. Mrs. Sprague testified that La Lanne stated to her that he would pay the $11,000 and that she telephoned that fact to Mrs. Dolan on Monday, April 2, 1923.

On the trial of the case the plaintiff called as a witness Mr. La Lanne. He testified that he was ready and willing and financially able to pay $11,000; that he did not sign any contract for $11,000, but he just agreed that he would pay $11,000 because Mr. Dolan at one time was ready to sell for $10,000 and it was not up to the witness to offer $11,000 when the owner was ready to sell it for ten.

The respondent contends that the foregoing facts made a sufficient showing that the plaintiffs had obtained a purchaser ready, able, and willing to make the purchase on the terms agreed upon in their written authorization. In this behalf they call attention to another fact that was developed in the evidence. On Saturday, March 31, 1923, someone communicated with the defendant, asking the defendant if he would entertain the proposition of purchasing the new lease which had just been executed. Thereafter the defendant continued to pursue the subject matter of that communication and later he did purchase the new lease. When that purchase was made does not appear, but the record discloses that on Monday, April 2, 1923, Mrs. Sprague had heard of the attempt that was being made to sell to the defendant the new lease and that when she called on the defendant she contented herself with informing him that La Lanne had agreed to pay $11,000 and that if the defendant bought the new lease that she would hold the defendant for her commission. In this connection Mrs. Sprague testified that she had seen the assignment of a new lease to Mr. and Mrs. Dolan and that her attorney, Mr. Halsey, had called that fact to the attention of the Dolans. Thereupon the respond-

ents contended that the owners neglected to accept the offer of La Lanne because they had purchased the new lease and not because La Lanne had declined to pay $11,000. We are unable to follow the respondents in this contention. Mr. Dolan continuously testified that he was at all times willing to accept $11,000 for his interest. The matter of the purchase of the new lease was a false issue. Perhaps it was an altogether advantageous transaction to sell furnishings that had become worn and damaged and later refurnish the house upon the commencement of the new lease. However, be this as it may, the purchaser never made his offer of performance within the time, method, or manner provided by law (Civ. Code, secs. 1485–1497); nor was there any showing of prevention of performance. [1] Before the respondents were entitled to recover in a case where no sale was actually made, it was incumbent on them to prove that they found a purchaser ready, willing, and able to buy the property on the terms fixed, and either that they procured from that person a valid contract binding him to purchase the property upon those terms, or that they brought the vendor and the proposed purchaser together so that the vendor might have secured such a binding contract. [2] Moreover, the readiness and willingness of a person to purchase the property can be shown only by an offer on his part to purchase; and unless he has actually entered into a contract binding him to purchase, or has offered to the vendor, and not merely to the broker, to enter into such contract, he cannot be considered a purchaser. (*Mattingly* v. *Pennie*, 105 Cal. 514, 519 [45 Am. St. Rep. 87, 39 Pac. 200].) The rule stated in that case has been cited with approval in many cases. (*Mott* v. *Minor*, 11 Cal. App. 774, 780 [106 Pac. 244]; *Massie* v. *Chatom*, 163 Cal. 772, 776 [127 Pac. 56]; *Hicks* v. *Christeson*, 174 Cal. 712, 717 [164 Pac. 395]; *McCoy* v. *Zahn Corporation*, 183 Cal. 181, 196 [191 Pac. 20].)

It follows that the evidence was insufficient to support the findings and the judgment is therefore reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 19, 1925.

All the Justices concurred.