FALLBROOK PUBLIC UTILITY DIST. v.
COWAN et al.

No. 10153.

Circuit Court of Appeals, Ninth Circuit.

Nov. 20, 1942.

Rehearing Denied Dec. 31, 1942.

Lindley & Higgins and Shelley J. Higgins, all of San Diego, Cal., for appellant.

A. Edward Nichols, of Sacramento, Cal., for appellee Mina L. Cowan.

Thomas Whelan, Dist. Atty., and Duane J. Carnes, Deputy Dist. Atty., both of San Diego, Cal., for appellee San Diego County.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The District Court, upon review, affirmed an order of a Conciliation Commissioner-Referee in Bankruptcy, denying the petition of Fallbrook Public Utility District for permission to institute and maintain an action in the State Court against Mina L. Cowan, Debtor, and H. R. Cowan, her husband, to quiet title to certain real prop-

erty, and to set aside a restraining order theretofore issued against it by the Conciliation Commissioner-Referee, which restrained it from selling or attempting to sell the referred to real property.

Fallbrook Public Utility District appeals, §§ 47, 48, 11 U.S.C.A.

Fallbrook Irrigation District was a public corporation, organized prior to the year 1933, Cal.St.1897, p. 254—Deering General Laws Act 3854, p. 1792, and existed until dissolved in 1938. At or about the time of its dissolution, according to the terms of an alleged contract, made and entered into by and between it and Fallbrook Public Utility District, a public corporation, Cal. St.1913, p. 450, all of its assets were acquired by the latter.

We shall refer to Fallbrook Irrigation District as Irrigation District, and Fallbrook Public Utility District as Utility District.

Mina L. Cowan, herein called Debtor, is the farmer-debtor bankrupt, § 203, 11 U.S.C.A., and she claims an interest for the bankruptcy estate in certain real property affected by the restraining order within the territorial area formerly embraced in Irrigation District. That Debtor once owned the interest she is now claiming for the bankruptcy estate is undisputed, and it is likewise undisputed that Irrigation District assessments were allowed to go unpaid and that the District took Certificates. of Sale for the property because of the delinquency in payment of the assessments..

Thereafter, in a proceeding in the State Court, instituted by Irrigation District and authorized by the California Irrigation Act, in which notice was served upon all interested parties by publication, the State Court entered a decree, confirming the sale, including the Certificates of Sale. The decree further provided that deeds to the property described in the Certificates of Sale must be issued to Utility District by the County Treasurer of San Diego County, upon demand, provided the redemption period of three years had expired without payment. Payment was not made within such period, and Utility District took deeds in accordance with the decree. These deeds were issued more than four months before Debtor instituted these proceedings.

Thereafter, and on March 12, 1940, the Secretary of Utility District dispatched a letter[1] to H. Cowan, Debtor's husband, in which it was stated that the Utility Board of Directors had set March 22, 1940, as the date the real property with which we are here concerned would be offered for sale if not redeemed theretofore.

The property was not redeemed, but on March 20, 1940, eight days after the date of the Secretary's letter and two days before the date therein fixed as the date of the proposed sale, Debtor filed in the Bankruptcy Court under § 75, sub. s, Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. On the same day the matter was referred to the Conciliation Commissioner-Referee, who immediately issued the order Utility District desires to have cancelled. A few days later Debtor was declared a bankrupt under an amended petition.

In addition to this recitation of facts, the Certificate of the Commissioner to the Judge contains findings to the effect that no water was made available to said lands by the Irrigation District. That upon petition of Debtor, the Irrigation District excluded some of the lands in which the Debtor owned an interest, but declined to exclude the property herein in question. That unpaid assessments were put under a ten-year redemption plan and payment thereunder was made for the year 1936; that the Irrigation District continued to assess the property after issuance of Certificates of Sale; that the Utility District assumed·to pay $1,463 to Irrigation District for all of its assets of valuable personal property, including sales certificates; that the value of the lands of Debtor is $15,000 [appraised at $12,500]; that Debtor never received notice of Utility's petition for deeds to the San Diego County Treasurer; that the property has not been

---

[1] "On February 20th we sent you a registered letter, in which we set forth the various certificate numbers and amounts due on each, of the assessments levied by the Fallbrook Irrigation District and not paid. However, today we receive notice that this letter is being returned unclaimed.

"The total amount due on all parcels

and including all certificates, is $1472.08 and the time limit in which to redeem has been set by the Board of Directors as March 22, 1940. Following that date, the property may be sold at public auction or otherwise.

"Trusting that you may be able to redeem your property, we are * * *"

sold by the County of San Diego, nor the State of California, for delinquent County and State taxes.

Upon these facts the Commissioner concludes that Debtor, and not Utility District, owns the real property in question, and that Debtor has a valuable property right to redeem the property from the County of San Diego and State of California for delinquent County general taxes, and from Utility District, which claims title "under the alleged Certificates of Sale or Tax Deeds for delinquent Irrigation District assessments".

The appeal is from a "Memorandum of Ruling and Order Confirming Order of Commissioner-Referee, dated October 4, 1940", which is in part as follows: "Undoubtedly under the record before us the farmer-debtor has an interest in the land in controversy tantamount to a 'property' right under Section 75 of the Bankruptcy Act at the time the petition was filed herein, to-wit, March 20, 1940." It is therein stated that Utility District's brief "overlooks the very effective documentary evidence before the Commissioner-Referee and, particularly, debtor's Exhibit 'E' in the Record." The order then recites that the letter [Exhibit "E"] sent by the Utility District's Secretary to H. Cowan extended the time for redemption.

Since there are no conclusions of any kind by the Commissioner-Referee or the Judge to the effect that any of the proceedings taken are illegal, but that the letter to H. Cowan did in fact and in law extend the period of redemption, we proceed to the consideration of that question.[2]

Under the California Irrigation District Act, an irrigation district is declared to be a public corporation with taxing powers and with authority to collect moneys for definite purposes by means of assessments, which are made liens on real property within the Irrigation District. The Act provides for the enforcement and foreclosure of these liens, by issuance of tax certificates by the Tax Collector of the District for failure to pay the taxes within the prescribed times, and then, three years thereafter, the issuance of a final deed, which terminates the owners' rights of redemption and transfers the absolute title for all purposes to the District, or to a purchaser of either the tax certificate or the land.

We quote from Section 47 of the Act, relating to redemption of property sold for delinquent taxes: "A redemption of the property sold may be made within three (3) years from the date of sale, or at any time thereafter before a deed has been made and delivered, by payment in lawful money of the United States to the collector of the district of the amount for which the property was sold, plus a penalty of three-fourths ($\frac{3}{4}$) of one per cent per month from the date of sale until redemption. * * * If the property is not redeemed within the time herein provided, the collector or his successor in office, upon demand, must make to the purchaser, or his assignee, holding the certificate of sale, a deed to the property, which deed shall refer to the date of the sale and state that no person redeemed the property during the time allowed by law for its redemption. * * * Where property has been sold to the district and a deed for it has been given to the district as the purchaser, such district shall have the same rights thereto, and to the rents, issues, and profits thereof, as a private purchaser. * * *"

Redemption of property in a district which has been dissolved is provided for in Section 47½, which provides that redemption may be had within the three year period by payment to the County Treasurer of the amounts due.

It thus appears that the statutory right of redemption expired with the issuance to the Utility District of the deeds to the property on November 9, 1939, after the expiration of three years from the issuance of the tax certificates. On this

---

[2] The Judge adopted the findings of fact made by the commissioner-referee, except the portion thereof reading "That the lands of the debtor were subjected to the assessments and alleged liens of the former irrigation district without any benefit whatsoever accruing to the debtor or the said lands of the debtor, and upon the dissolution of the said Irrigation District, the said debtor and the said lands were saddled with the alleged lien and assessment and penalties which were assigned to the petitioner, the Fallbrook Public Utility District, without any consideration whatsoever passing to or being received by the debtor".

In striking this finding, it is apparent that the Judge was eliminating any consideration as to the validity of the assessments on the score of not furnishing water to the land.

date the Utility District became the absolute owner of the property.

█ If, then, the Debtor had any interest in the property on March 20, 1940, when she filed her petition for extension of her debts, such right must have accrued through some action on the part of the Utility District, or, more particularly, through the Utility District's action in writing the letter of March 12th, 1940, which we have quoted above. This letter, in our opinion, could not have extended any statutory right of redemption but on the other hand must be construed simply as an offer on the part of the Utility District to allow the Debtor to purchase the property for the amount of the delinquent assessment, penalties, etc., on or before March 22, 1940. Such an option cannot be said to have given to the Debtor any property rights which is subject to the bankruptcy laws of the United States. See Hicks v. Christeson, 174 Cal. 712, 164 P. 395; Ware v. Quigley, 176 Cal. 694, 169 P. 377; Dougherty v. Cal. Kettleman, 9 Cal. 2d 58, 69 P.2d 155.

█ There remains one point to be considered in connection with this appeal, and that is a finding by the Commissioner-Referee to the effect that since the property involved was appraised at the sum of $12,500, and since the amount of indebtedness of the Irrigation District, which the Utility District assumed to pay in consideration for a transfer of Irrigation's assets, was only $1,463, it was shocking to the conscience of the Court to allow the Utility District to retain the property.

In the first instance, it is difficult to see how the amount of consideration passing between the Utility District and the Irrigation District for the tax certificates could possibly affect the situation, as applied to the Debtor.

In the second place, considering the discrepancy as existing between the amount of indebtedness of the Debtor and the value of the property, we find no justification for holding that the Utility District should not be entitled to the benefits of its tax lien. The Debtor's property was subject to a lien for delinquent taxes amounting to some $1,472. The lien had been foreclosed and the time for redemption had expired. No element of fraud or mistake is present. And certainly we cannot say that the $1,472 owed by the Debtor falls within the category of de minimis.

The order of the Court is reversed, with instructions to dismiss the bankruptcy proceedings with respect to the lands involved herein, and to set aside the order restraining Utility District from proceeding with the sale thereof.

The County of San Diego is designated an appellee in the caption of the record and appears here by filing a brief. We hold that the said County is not a party to any issue presented in this appeal.

Reversed.