[S. F. No. 1838.   Department One. — October 26, 1901.]

## M. H. LAFFEY, Respondent, v. MELVINA KAUFMAN and E. L. KAUFMAN, Appellants.

VENDOR AND PURCHASER — VERBAL CONTRACT — ACTION TO RECOVER BACK MONEY PAID — SUFFICIENCY OF COMPLAINT. — A purchaser of land under a verbal contract, who has paid part of the purchase-money, cannot recover it back from the vendor, merely because the contract is verbal; but, to sustain an action therefor, he must allege and prove full performance or tender of performance of the terms of the verbal contract on his part, and the default of the vendor in refusing to convey upon proper tender and demand for a deed, or that the vendor had become unable to carry out the contract; and if the complaint fails to show such facts, it does not state a cause of action.

ID. — ANSWER OF VENDOR — EVIDENCE. — The vendor was entitled to give evidence to prove an answer setting up continual readiness and willingness to convey the land by sufficient deed upon full performance of the contract on the plaintiff's part, and that plaintiff has refused fully to perform the contract; and it was error for the court to refuse to hear such evidence.

· APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   A. S. Kittredge, Judge.

The facts are stated in the opinion.

I. S. Thompson, for Appellants.

J. R. Welch, for Respondent.

COOPER, C. — Plaintiff recovered judgment, and defendants appeal from the judgment and order denying their motion for a new trial.

The amended complaint alleges that defendant Melvina orally agreed to convey to plaintiff a certain one-half acre of land for the sum of fifteen hundred dollars, payable five hundred dollars cash, five hundred dollars on the delivery of the deed, and the remaining five hundred dollars by note and mortgage upon the land; that, in accordance with the agreement, plaintiff paid the five hundred dollars cash, and that defendant Melvina has failed and refused to convey to plaintiff the said land; that plaintiff has demanded the return of the five hundred dollars so paid, but defendant Melvina has refused, and still refuses, to return the same.

To the said complaint defendants demurred, upon the ground, among others, that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants answered. In the answer, defendants allege that the defendant Melvina has always been, and now is, ready and willing to convey the said land, and to deliver a sufficient deed upon the payment of the remaining five hundred dollars and the execution of the note and mortgage, but that plaintiff has at all times refused to pay the five hundred dollars and execute the note and mortgage as per the agreement.

The court below refused to allow the defendants to prove the allegations of their answer, and in doing so proceeded upon the theory that the contract being oral, the same was and is void, and that plaintiff can recover the five hundred dollars without offering to pay the balance, and without default of defendant Melvina. As the demurrer was overruled, and the case tried upon the theory that money paid on an oral contract for the sale of land may be recovered back by the vendee without any default of the vendor and

no tender of balance due by the vendee, this may be regarded as the only question in the case.

We think the court was in error in overruling the demurrer and in refusing to hear defendants' evidence. The action is not one to enforce the specific performance of a parol contract for the sale of lands, nor is it one in which a defense is based upon the statute of frauds.

The plaintiff, having made the contract, which is not unlawful nor against public policy, and having paid the money thereunder, cannot, of his own volition, and without fault of defendants, come into court and receive the assistance thereof to recover the money voluntarily paid. The money was paid for a valid consideration, — to wit, the agreement to convey the land. It was only part of the consideration for such conveyance. The conveyance was not to be made until the balance of the consideration was paid according to the agreement.

Plaintiff, in order to entitle him to relief, must allege and show that he paid, or offered to pay, the balance of the consideration. The general · rule is, that the vendee is not entitled to a conveyance until the full payment of the purchase-money, and the acts of payment and conveyance being mutual and dependent, neither party is in default until after tender and demand by the other. The plaintiff has wholly failed to allege any tender by him of the five hundred dollars remaining due, or that he offered to execute the note and mortgage as he agreed, or that he ever demanded a deed. He alleges a refusal to convey, but it was not incumbent upon defendant Melvina to convey until the consideration was . paid or offered to be paid by plaintiff as he had agreed.

The right of the vendee of land, under a verbal contract, to recover the money or other consideration paid is by all the authorities confined to those cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered to perform on his part. (Browne on the Statute of Frauds, sec. 122; 2 Reed on the Statute 'of Frauds, sec. '738; Wood on Frauds, sec. 235; *Abbott* v. *Draper,* 4 Denio, 51; *Green* v. *Green,* 9 Cow. 46; *Coughlin* v. *Knowles,* 7 Met. 57;[1] *Wetherbee* v. *Potter,* 99 Mass. 354, 361.)

---

[1] 39 Am. Dec. 759.

We advise that the judgment and order be reversed and the court below directed to sustain the demurrer and allow plaintiff to amend his complaint if so advised.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the court below directed to sustain the demurrer and allow plaintiff to amend his complaint if so advised.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.