[S. F. No. 6134.    Department One.—October 2, 1913.]

GEORGE E. SHAW et al., Appellants, v. HOLLISTER LAND AND IMPROVEMENT COMPANY (a Corporation), et al., Respondents.

CORPORATION—SALE OF ALL TANGIBLE ASSETS—CONSENT OF STOCK-
HOLDERS—BUSINESS NOT INCLUDED IN SALE.—A corporation, the
sole tangible asset of which was a piece of land, and which was con-
ducting the business of running a race track, holding fairs and
exhibitions of live stock thereon, and farming a portion thereof, may
make a sale of its entire property, excluding its business, without
first obtaining the consent of its stockholders as provided in section
361a of the Civil Code.

ID.—CONSENT OF STOCKHOLDERS NOT REQUIRED WHEN BUSINESS IS NOT
SOLD.—If a corporation be engaged in business, a sale by it must
include its business before such sale can be brought within either
the terms or the meaning of section 361a of the Civil Code, provid-
ing that no sale of the "business, franchise and property, as a
whole," of any corporation is valid, without the consent of stock-
holders, holding of record at least two-thirds of its issued capital
stock.

ID.—DEFINITION OF BUSINESS.—The business of a corporation, within the
meaning of that section, does not mean the tangible properties in
which its capital is invested, but the activities in which they are em-
ployed.

APPEAL from a judgment of the Superior Court of San
Benito County. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellants.

Jno. L. Hudner, for Respondents.

SHAW, J.—The plaintiffs have appealed from the judg-
ment in the court below in favor of the defendants. Upon
the trial, the Hon. M. T. Dooling, then judge of the superior
court, delivered an opinion covering the questions involved
upon this appeal. The discussion of the points involved in
that opinion is satisfactory to us, and we adopt the portions
thereof relating to the points on appeal as the opinion of this
court. They are as follows:

"This action involves the validity of a sale, and the deeds
made pursuant thereto by the defendant Hollister Land and
Improvement Company, a corporation, to defendants E. E.
Holbrook and James P. Mehlwood, of the real property
familiarly known as the Hollister race track.

"The plaintiffs are stockholders of the defendant corpora-
tion, and bring this action in their own behalf and in behalf
of said corporation and its other stockholders. The action is
based upon section 361a of the Civil Code of this state, the
provisions of which are as follows:

" 'No sale, lease, assignment, transfer or conveyance of the
business, franchise and property, as a whole, of any corpora-
tion now existing, or hereafter to be formed in this state, shall

be valid without the consent of stockholders thereof, holding of record at least two-thirds of the issued capital stock of such corporation; such consent to be either expressed in writing, executed and acknowledged by such stockholders, and attached to such sale, lease, assignment, transfer or conveyance, or by a vote at a stockholders' meeting of such corporation called for that purpose; but with such assent, so expressed, such sale, lease, assignment, transfer or conveyance shall be valid; provided, however, that nothing herein contained shall be construed to limit the power of the directors of such corporation to make sales, leases, assignments, transfers or conveyances of corporate property other than those hereinabove set forth.'

"It is an established fact that stockholders holding two-thirds of the capital stock of the defendant corporation did not express their consent to the sale in question in either of the methods provided for in the foregoing section.

"It is urged by defendants that no sale falls within the inhibition of the code unless it be a sale which embraces a franchise, the language being 'business, franchise and property as a whole,' and that as the defendant corporation had no franchise, other than its corporate franchise to exist, which it neither could convey, nor attempted to convey, this sale, although it embraced all the tangible property of the corporation, was not prohibited by the code, and did not require the assent of the holders of two-thirds of the capital stock. The section in question is of comparatively recent enactment, and its meaning has not yet been judicially determined. Whether its proper construction is as counsel insists, that is whether a franchise must be included in order to render a sale invalid, or not, is not clear, but this much is certain, that if a corporation be engaged in business, such business must be included in the sale before such sale can be brought within either the terms or the meaning of the section upon which this action is based. The deed under consideration conveys only the real property, which indeed was the only tangible property owned by the corporation, and the complaint avers in order to bring the sale within the terms of the code section, 'That at all times herein mentioned said described real property constituted the business, franchise and property, as a whole, of said defendant corporation, Hollister Land and Improvement Company.'

"It was this averment of the complaint that saved it upon demurrer. But the averment is not supported by the evidence. Plaintiff, A. D. Shaw, testified,—and indeed the fact is not disputed,—'I knew the corporation since 1897,—from the time of its organization. Its business was running a race-track, and holding fairs and exhibitions of stock at the premises one mile east of Hollister, at the land described in the deed in the complaint. It has been carrying on races during the last ten years up to the fall of 1907. It has farmed the in-field of the race-track ever since its organization. It never conducted any other business, and was engaged in no other business than that conducted on the property.'

"The weakness of plaintiffs' case is in the assumption that the sale of the real property was a sale also of the business in which the corporation was engaged. Nothing in this sale of necessity prevented the corporation from continuing its business, as it had power by its charter 'to purchase, hold, lease, sell, transfer and convey real estate and other property . . . to raise and train stock and other domestic animals and exhibit the same.'

" 'Business,' says the supreme court of New Jersey, 'does not mean stock or machinery, or capital and the like. While business cannot be done without these, it is as distinct from them as labor is from capital. . . . In other words, business does not mean dry-goods, nor cash, nor iron rails and coaches. Business is not these lifeless and dead things, but the activities in which they are employed.' (*Braeutigam* v. *Edwards*, 38 N. J. Eq. 545.) So a merchant may part with all of his stock, and retain his business, which may be of much greater value than the capital invested in it. And as the sale of the property upon which business is conducted does not embrace or carry with it the business itself, so the bequest of a business does not include the premises in which it is carried on.

"This distinction is clearly recognized by our Civil Code, which provides:

" 'Sec. 992. The good-will of a business is the expectation of continued public patronage.'

" 'Sec. 993. The good-will of a business is property, transferable like any other . . . '

"No doubt cases can be conceived where the transfer of the property would from its very nature be a transfer also of the

business in which it was employed. But such is not the case here. It was not at all essential to the business of racing, and holding fairs and exhibitions of stock that defendant corporation should own the particular property involved in this sale, nor indeed that it should own any real property at all. As for these purposes it used the property only a few weeks in each year, it might readily have leased this or other property and continued its business without interruption. The fact that it did not do so is not material, for we are now dealing with the power of the corporation, and the sale, if valid when made, could not be invalidated by any subsequent action or neglect of the vendor.

"My conclusions, therefore, are that while neither plaintiffs nor other stockholders holding two-thirds of the capital stock of the defendant corporation consented to the sale in question, such consent was not essential to its validity, and that such being the case, judgment must be entered for the defendants."

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.