[Civ. No. 1672.   Second Appellate District.—March 7, 1916.]

## S. P. BRADFORD, Appellant, v. SUNSET LAND AND WATER COMPANY (a Corporation), Respondent.

VENDOR AND PURCHASER—RECOVERY OF MONEY PAID—WANT OF PERFORMANCE BY PLAINTIFF.—The vendee under an option contract for the purchase of real estate, which provided that if the purchaser failed to make any of the payments as specified in the contract, the option should thereupon cease and determine, and the vendor should retain all sums paid "as the consideration and in full compensation for the option," is not entitled, upon default, to recover the money paid, but the vendor is entitled to retain the same.

ID.—WANT OF ASSENT OF STOCKHOLDERS OF CORPORATION VENDOR TO SALE—DEFAULT OF VENDEE—POINT NOT AVAILABLE.—In an action to recover the money paid under such an option contract which the vendee contended covered the entire business, franchise, and property of the corporation vendor, as a whole, the vendee is in no position to complain that the assent of the stockholders had not been obtained as required by section 361a of the Civil Code, where he had not paid, or tendered or offered to pay the balance due under the contract.

ID.—CORPORATION LAW—ASSENT TO SALE OF PROPERTY—CONSTRUCTION OF CODE—OPTION CONTRACTS NOT INCLUDED.—The provisions of section 361a of the Civil Code that "no sale, lease, assignment, transfer or conveyance of the business, franchise and property, as a whole, of any corporation now existing, or hereafter to be formed in this state, shall be valid without the consent of stockholders thereof, holding of record at least two-thirds of the issued capital stock," etc., makes no reference to option contracts to purchase real estate.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Milton K. Young, for Appellant.

Roger S. Page, for Respondent.

SHAW, J.—Action to recover money paid pursuant to the terms of an option contract for the purchase of real estate. Judgment went against plaintiff, whose motion for a new trial was by an order of court denied, and from which order he prosecutes this appeal.

On January 24, 1912, defendant, a corporation, executed a written document giving to plaintiff an option to purchase the property therein described. The portion of the agreement material to this inquiry is the following:

"Received of S. P. Bradford the sum of five hundred dollars ($500), same being a deposit and part payment on account of purchase price for all those certain parcels of land situate in the county of Orange, state of California, described in deed from Sunset Beach Company, a corporation, to Sunset Land & Water Company, a corporation, recorded July 6th, 1904, in book 108 of deeds, at page 48, records of said county, excepting therefrom those certain lots or parcels of land designated sold on the plat of Sunset Beach hereto annexed and made a part hereof, together with all fixtures and improvements thereon, also all bills and accounts receivable and other personal property now owned by said Sunset Land & Water Company. Said property having this day been sold to said S. P. Bradford for the sum of forty-five thousand seven hundred and fifty dollars ($45,750); the balance thereof being payable in the amounts and at the times following, to wit: $500 on or before May 1, 1912, $500 on or before June 1, 1912; $44,250 on or before August 1, 1912. Upon completion of the payments aforesaid and the faithful performance of the covenants herein imposed, the seller will execute and deliver good and sufficient conveyance conveying said property to the purchaser, clear of encumbrance, excepting . . . If the purchaser shall fail to make any of the payments as and when specified above, or shall fail to perform any or all of the covenants herein imposed upon him, this option shall thereupon cease and determine and the seller shall be released from all further obligations hereunder, time

being of the essence of this agreement, and the seller may retain all sums theretofore paid hereon, the same being fixed as the consideration and in full compensation for the option hereby granted. . . . ''

In accordance with the terms of the option, plaintiff paid to defendant five hundred dollars on or before May 1, 1912, and five hundred dollars on or before June 1, 1912, which, together with the first payment, made one thousand five hundred dollars for the recovery of which this suit was instituted; but he neither paid, nor did he ever at any time tender or offer to pay, the sum of $44,250 required by said instrument to be paid on or before August 1, 1912. By reason of this default respondent, by virtue of the provisions of the contract, was not only released from all obligations to sell, convey, or transfer the property described in the contract, but, as provided therein, entitled to retain the one thousand five hundred dollars so paid by plaintiff, which by the terms of the agreement was "fixed as the consideration and in full compensation for the option . . . granted.'' (*Townsend* v. *Tufts,* 95 Cal. 257, [29 Am. St. Rep. 107, 30 Pac. 528]; *Scott* v. *Glenn,* 98 Cal. 170, [32 Pac. 983].)

Appellant, however, insists that the contract was made in violation of the provisions of section 361a of the Civil Code, and therefore void, and being void, defendant obtained no rights by virtue of its terms. The section is as follows: ''No sale, lease, assignment, transfer or conveyance of the business, franchise and property, as a whole, of any corporation now existing, or hereafter to be formed in this state, shall be valid without the consent of stockholders thereof, holding of record at least two thirds of the issued capital stock of such corporation; such consent to be either expressed in writing, executed and acknowledged by such stockholders, and attached to such sale, lease, assignment, transfer or conveyance, or by vote at a stockholders' meeting of such corporation called for that purpose; but with such assent, so expressed, such sale, lease, assignment, transfer or conveyance shall be valid; provided, however, that nothing herein contained shall be construed to limit the powers of the directors of such corporation to make sales, leases, assignments, transfers or conveyances of corporate property other than those hereinabove set forth.'' It will be seen that the section makes no reference to contracts of the character here involved, the inhibition being as to the

"sale, lease, assignment, transfer or conveyance of the business, franchise and property, as a whole," unless the prescribed conditions are complied with. Until plaintiff performed or offered to perform the covenants imposed upon him as a precedent condition to the conveyance of the property by defendant, he was in no position to complain of the want of the action on the part of stockholders in giving assent to a sale and conveyance as to which, under the terms of the contract, he had lost all right. (*Laffey* v. *Kaufman*, 134 Cal. 391, [86 Am. St. Rep. 283, 66 Pac. 471]; *Leach* v. *Rowley*, 138 Cal. 709, [72 Pac. 403].) Conceding the option covered the entire "business, franchise and property, as a whole," nevertheless there is no ground for plaintiff's contention for the reason that the contract did not purport to constitute *a sale, transfer or conveyance of the property*, but was a mere option to purchase, the exercise of which on the part of plaintiff, and paying or offering to pay the purchase price in the manner therein specified, was necessary in order to place him in a position where he could, in any event, complain of the failure of stockholders to signify assent. The option, however, does not purport to cover and include the entire business and franchise of the corporation. It appears from the evidence, without contradiction, that defendant was engaged in a general real estate business, no mention of which, or its franchise, is made in the contract. Construing the contract as a sale of the property described therein, there was nothing to prevent the corporation from continuing its business. (*Shaw* v. *Hollister etc. Co.*, 166 Cal. 257, [135 Pac. 965].) As thus viewed, section 361a is not applicable to the transaction.

The order denying plaintiff's motion for a new trial is affirmed.

James, J., concurred.

Conrey, P. J., concurred in the judgment.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 4, 1916.