[L. A. No. 12536. In Bank.—April 30, 1931.]

JEFFERSON WALBRIDGE, Appellant, v. R. D. RICHARDS et al., Respondents.

R. T. Walters for Appellant.

Charles D. Swanner for Respondents.

RICHARDS, J.—The plaintiff commenced this action to recover from the defendants the sum of $1,000 received by them from the plaintiff for the use and benefit of the plaintiff and unpaid after demand.. The defendants answered with a denial that they had ever received from the plaintiff the sum of $1,000 or any other sum for the use and benefit of plaintiff. For a second further and separate defense the defendants alleged that on January 19, 1924, the plaintiff had entered into a contract in writing with one of the defendants, by the terms of which the plaintiff had paid a deposit of $1,000 upon the purchase price of lots 1 and 2 of block "A", tract No. 7763 and known as West Whittier Orchard Park, a copy of which agreement is as follows:

"Date Jan. 19th 1924

"Received of Jefferson Walbridge $1000.00 as a deposit on Lot 1 and 2 Blk A of Tract known as West Whittier Orchard Park, as delineated on Sales Map, which purchaser has seen and approved, to be known as Lots 1–2 Blk A Tract 7763, as per official map, when, as and if same is recorded, otherwise to be described by metes and bounds. Total purchase price to be $15,000.00, together with interest on deferred payments at the rate of 7 per cent per annum, payable semi-annually, $2,000.00 additional to be paid on or before April 1st 1924 or within five days after notice that contract is ready, balance in 10 quarterly equal installments commencing three month— after date of contract.

"Sellers agree to grade, oil and gravel all streets and to construct sidewalks and curbs along front line of all lots, and to install water and gas mains throughout tract.

"JEFFERSON WALBRIDGE
        "Purchaser.

"By....................
                "Agent

"Sign in triplicate, one for buyer, one for trustee, one for agent. Approved.

{ "R. D. RICHARDS
....................
....................
        "TRUSTEES.

"Contract to bear date of April 1st 1924 Interest to begin on that date. 5 per cent selling commission to be allowed from second payment."

The defendants further alleged that thereafter and prior to the first day of April, 1924, the date upon which an additional $2,000 was to be paid under said agreement the plaintiff acted upon said agreement and listed the property for sale at an advanced price to that which he was paying for the same, undertaking to sell said real property at a profit, he having a right to do so by virtue of said option agreement. The defendants further alleged that the plaintiff failed to make said further payments provided in said agreement and thereby forfeited all right, title and interest in said property and to the deposit of $1,000 paid upon the purchase price thereof, and that in consequence thereof there is due, owing and unpaid from said defendants or either of them to said plaintiff no amount whatever. In a cross-complaint the defendants sought to have the aforesaid agreement specifically enforced, but as to that portion of their pleading we are not concerned, upon this appeal, since later the defendants filed a second amended answer, setting forth the same matters embraced in their cross-complaint, but praying for no affirmative relief thereon. Upon the issues as thus framed the cause went to trial; whereupon and at the opening of said trial the parties undertook to enter into an oral stipulation as to the facts. This having been done the matter was submitted upon such stipulation as to the facts of the case. The court thereafter made its findings of fact and conclusions of law, basing the same upon such stipulation, the substance of which is purported to carry into its findings of fact. From such oral stipulation of facts it appeared that the parties to this action on or about January 19, 1924, met at the real estate office of the defendants, who were sales agents for a tract of land in the vicinity of Los Angeles known as West Whittier Orchard Park, a map of which tract had been prepared and was on inspection in said real estate office, but was as yet unrecorded. The plaintiff and R. D. Richards, one of the defendants and sales agents of said tract, went out together to the same and examined the particular lots which were offered to plaintiff for purchase upon the terms which were later embodied in the memorandum receipt above set forth. Upon the return to the real estate office the plaintiff paid upon the agreed purchase price of said lots the sum of $1,000; whereupon the aforesaid writing was executed.

Thereafter and between said date and May 26, 1924, the plaintiff went upon said property, which then consisted of vacant lots, but did not take any further physical possession of the same than that he listed said lots with other brokers for sale at an advanced price. The plaintiff, however, did not pay or tender to the defendants or either of them on or before or after April 1, 1924, the further sum of $2,000 which, according to the agreement of the parties, was to be paid on or before April 1, 1924, or within five days after notice that a contract in writing setting forth the full agreement of the parties was to be ready for signature, but the plaintiff did not on or before May 26, 1924, otherwise indicate to the defendants any disposition to repudiate or withdraw from his agreement to purchase said lots. The aforesaid map of the tract known as West Whittier Orchard Park was duly recorded in the office of the county recorder of Los Angeles County on May 26, 1924, and thereupon on said date the defendant Richards notified the plaintiff in writing that the contract for the purchase of said property was ready for his signature, but the plaintiff upon receipt of said notice refused to enter into said contract, but, on the contrary, on May 29, 1924, demanded of defendants the return of the $1,000 theretofore paid by him upon the purchase price of said lots, which demand the defendants refused to comply with; whereupon the plaintiff commenced the present action. The trial court having made its findings of fact in substantial conformity with the oral stipulation of the parties made and filed its conclusions of law therefrom to the effect that the plaintiff was entitled to recover nothing under his complaint and that the defendants have judgment for their costs. Judgment was entered accordingly and from such judgment the plaintiff has prosecuted this appeal.

The appellant contends that the agreement of the parties for the purchase by him of said lots was that embodied in the written receipt, a copy of which is above set forth; that according to the terms of said writing the lots referred to therein were delineated upon the sales map thereof which, as appears upon the face of said writing, had not on the date thereof been recorded; that the agreement for the purchase of said property having referred on the face thereof to an unrecorded map, such agreement was

void as to violation of the provisions of the act of the legislature of March 15, 1907 (Stats. 1907, p. 290), which provides that "No person shall sell or offer for sale any lot or parcel of land by reference to any map or plat unless such map or plat has been made, certified, endorsed, acknowledged and filed" in the form and manner specified in said act; and which further provides that "Every person who violates any provisions of this act is guilty of a misdemeanor." The appellant insists that this court having decided in the case of *Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14], involving the application of said statute to a real estate transaction that "where a statute prohibits or attaches a penalty to the doing of an act the act is void", he is entitled under the authority of that case to the return of the sum of $1,000 paid by him upon the purchase price of said lots and for the recovery of which he brought this action. He also cites as supporting the same contention the later decision rendered by the District Court of Appeal in *Smith* v. *Bach,* 54 Cal. App. 236 [201 Pac. 611], wherein that court decided that "where money was paid for lots referred to as delineated on an unrecorded map no obligation was imposed upon the vendors to convey, and the money paid thereon was, therefore, without consideration and recoverable by the vendee. There is no doubt as to the correctness of the rule of law laid down in the foregoing decisions. The difficulty is in its application to the situation of the plaintiff in this particular case. The written memorandum above set forth purports upon its face to be that, which by the oral stipulation between the parties, it was described as being, namely, a memorandum receipt for the payment of $1,000 as a deposit upon certain lots which, as stated therein "purchaser has seen and approved" and for the total purchase price of which and the payment thereof provision is to be made in a formal written contract between the parties to be thereafter prepared and executed. This interpretation of said writing is in accord with the appellant's first contention, which is that "the receipt of January 19, 1924, did not constitute a contract of sale. It was a mere receipt on deposit of $1,000 for a contract to be thereafter entered into." If we accept the appellant's contention to the foregoing effect it would seem to follow therefrom, as well as from the stipulated facts as above set forth, that the only agree-

ment between the parties as to the purchase of the lots in question was the oral agreement entered into between the plaintiff and the defendant Richards, as the sales agent of said property, upon and after an inspection of said lots upon the ground. If this be true, it would seem to follow that said lots so orally agreed to be purchased were not offered for sale or purchased by virtue of said writing or by reference to the unrecorded map referred to therein, but that the actual agreement between the parties for the sale and purchase of said lots was the oral agreement entered into between them after the location and inspection of the lots upon the ground. This was apparently the conclusion of the trial court in that portion of its finding to the effect, "That it was not intended by said parties, or any of them, that said map should be relied upon for a description of the said parcel of real property, but, on the contrary, said real property was purchased by said plaintiff after he had personally examined the same on the ground," and by the further finding: "That said lot, piece and parcel of land agreed to be sold by said defendants to plaintiff in and upon which said sum of $1000.00 was paid by said plaintiff is the identical lot and piece of property which the said plaintiff understood he was buying, and upon which said payment of $1000.00 was paid to said defendant R. D. Richards." ▪▪ In this state of the record we are of the opinion that the aforesaid writing, by virtue of its reference to an unrecorded map for a description of the lots purchased by the appellant, becomes an immaterial factor in the determination of this controversy, and that the real and only question to be determined is as to whether the plaintiff, having entered into an oral agreement to purchase the lots in question upon certain terms and having paid the sum of $1,000 thereon, is entitled to recover said sum without any showing on his part of a further compliance with said oral agreement and also without any showing by way of either pleading or proof that the defendants have on their part violated any of the terms of said agreement. The case of *Laffey* v. *Kaufman*, 134 Cal. 391 [86 Am. St. Rep. 283, 66 Pac. 471], seems to furnish a complete answer to the foregoing inquiry. In that case the parties had made an oral agreement by which the defendants agreed to convey to the plaintiff a certain one-half acre of land for

the sum of $1500, payable $500 cash, $500 on the delivery of the deed, and the remaining $500 by giving a note and mortgage upon the land. The plaintiff sued for the recovery of the first payment of $500. The defendants demurred to the complaint and upon the overruling thereof filed an answer alleging that they had always been ready and willing to convey said land and deliver a sufficient deed therefor upon the payment of the remaining $500 and the execution of the note and mortgage, but that plaintiff had at all times refused to pay said latter sum or to execute the note and mortgage in accordance with his oral agreement. The trial court refused to allow the defendants to prove the foregoing allegation of their answer, and rendered judgment in favor of the plaintiff upon the ground that the oral agreement was void. Upon appeal this judgment was reversed by this court upon the ground that ''the plaintiff having made the contract, which is not unlawful nor against public policy, and having paid the money thereunder, cannot of his own volition, and without fault of defendants, come into court and receive the assistance thereof to recover the money voluntarily paid. The money was paid for a valid consideration, to-wit, the agreement to convey the land. It was only a part of the consideration for such conveyance. The conveyance was not to be made until the balance of the consideration was paid according to the agreement. The right of the vendee of land under a verbal contract, to recover the money or other consideration paid is by all the authorities confined to those cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered to perform the same'', citing cases. The foregoing decision has never been overruled or criticised by this or any other court, but, on the contrary, has been cited with approval in numerous later cases, among which are *Leach* v. *Rowley,* 138 Cal. 709 [72 Pac. 403], and *Bradford* v. *Sunset Land etc. Co.,* 30 Cal. App. 87, 90 [157 Pac. 20]. In L. R. A. 1916D, 472–483, the annotator states that, ''According to the great weight of authority—although as subsequently shown there is some conflict on the point—the vendee under an agreement for the purchase of land which does not satisfy the statute of frauds, may not recover back payment of the purchase price if the vendor has not repudiated the con-

tract and is ready, willing and able to perform in accordance therewith, even though the contract could not be enforced against him either in law or in equity," citing many cases. (See, also, *Durham* v. *Wick*, 105 Am. St. Rep. 789, 794, notes.) It is true that in *Laffey* v. *Kaufman, supra,* it was stated by the court that the action was not one in which the defense thereto was based upon the statute of frauds, but that is also true of the present action, no plea of the statute of frauds as invalidating said oral agreement for the purchase of said lots having been presented by either of the parties to this action. We are, therefore of the opinion, upon the authority of *Laffey* v. *Kaufman, supra,* that the trial court was correct in its conclusion denying the plaintiff any relief in this action.

The judgment is affirmed.

Shenk, J., Curtis, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.