[Civ. No. 10886. Second Appellate District, Division Two.—May 18, 1936.]

L. BOTELER, as Trustee, etc., et al., Appellants, v. R. LEE BAGBY, Respondent.

140

Avery M. Blount, Daniel A. Knapp and Abe Richman for Appellants.

Libby & Sherwin and Warren E. Libby for Respondent.

GOULD, J., *pro tem.*—Plaintiff corporation, in financial difficulties while drilling an oil well, made an agreement with defendant as trustee for the benefit of said corporation, its creditors and stockholders, whereby it conveyed its property and business to defendant for the purpose of managing and conducting the same, and particularly for the purpose of entering into a contract with one L. C. Hisey to take over the completion of its well. Provision was made for the payment of the costs and charges of operation, for the reimbursement of advancements made by Hisey, for the payment of creditors and for the distribution of any remainder to the corporation and its stockholders. This action was commenced by certain stockholders for themselves and plaintiff corporation in four counts, for the cancellation of the agreement with defendant for alleged illegality, for its rescission upon

the ground of alleged fraud, to recover damages, and for an accounting. Defendant prevailed and plaintiffs appeal.

▪ The illegality of the trust agreement between plaintiff corporation and defendant is asserted to be in this, that the contract was in effect an assignment of all the property of the corporation for the benefit of its creditors and is void because it does not comply with the provisions of sections 3449–3473 of the Civil Code. But the wording of the agreement in question is sufficient to demonstrate that it was not intended to be an assignment for the benefit of creditors as contemplated by division 4, part 2, title III, of the Civil Code. The terms of the instrument itself make plain that it conveys property in trust for the benefit of all parties concerned in the business of the corporation, including the stockholders and creditors, and its principal object was the placing on production of the uncompleted oil well. Such a transfer in trust for the purpose of securing certain obligations of the debtor is countenanced and approved in *Jarvis* v. *Webber*, 196 Cal. 86 [236 Pac. 138], where the Supreme Court declares that such ''transfers are not invalid because they do not conform to the provisions of the sections of the code relating to assignments for the benefit of creditors''.

▪ As section 361a of the Civil Code read at the time of the transfer here involved, it required consent of the holders of at least two-thirds of the capital stock of a corporation to sell, assign or transfer the corporation's business, franchise and property as a whole. Such stockholders' consent was not obtained in this case and therefore, appellants argue, the assignment and transfer of plaintiff corporation's property to defendant was void because it was in effect a transfer of all the corporate property. Findings of the court were to the contrary, and we are of the opinion that substantial evidence sustains such findings. The assignment did not purport to transfer all the corporate business but only that described in the annexed schedule, which the court found pertained only to the drilling of the uncompleted well. The corporation retained an interest in the assigned property, and in addition thereto was left free to continue in business under its franchise. To the validity of such a transfer the consent of stockholders is not essential. (*Shaw* v. *Hollister Land & Imp. Co.*, 166 Cal. 257 [135 Pac. 965].)

As to appellants' further claim that the assignment agreement was not authorized by a duly constituted board of directors and that respondent was guilty of at least constructive fraud in his dealings with the corporation and its officers, the trial court found in respondent's favor. Conflicting evidence was before the court, and without reviewing the same it is sufficient to state that substantial evidence supports the findings.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.