[Civ. No. 13352. Second Dist., Div. Three. Aug. 12, 1942.]

JUSTUS P. SEEBURG, Appellant, v. EL ROYALE COR-
PORATION (a Corporation), Respondent.

2

Grady & Hotchkiss for Appellant.

Martin Goldman and Aubrey Devine for Respondent.

SHAW, J. pro tem.—Plaintiff appeals from a judgment of nonsuit rendered against him. On the 27th day of March, 1940, the defendant, being then the owner of a certain apartment house, entered into an agreement with plaintiff whereby it granted to him the "sole and exclusive right and option to purchase" that apartment house, for a price and on terms and conditions therein set forth. Plaintiff paid defendant for this option the sum of $5,000, which was not to be a part of the price if the option should be exercised. The option ran to and including April 27, 1940, and in order to exercise it plaintiff was required to give defendant a written notice and deposit $25,000 in escrow on account of the price. Each party was to have thirty days after this was done "to do and perform each and every act on their respective parts to be performed to consummate said sale." On the 2nd day of April, 1940, in an action commenced by one Keeler against defendant—to which plaintiff here was not a party—in the Superior Court of Los Angeles County, an order to show cause and temporary restraining order were made restraining the defendant "from selling or otherwise disposing of" the apartment house. This restraining order continued in force until, after a hearing on the order to show cause, a temporary injunction of the same purport was issued. This temporary

injunction was effective until after the expiration of the above mentioned period of plaintiff's option, and thereafter, on June 3, 1940, by stipulation of the parties to that action, a judgment was entered in favor of the defendant therein, by which the temporary injunction was dissolved. The plaintiff did not at any time do any of the acts required by the terms of the option for an exercise thereof. He was, however, financially able to do so, and was ready and willing to do so, had it not been for the restraining order and injunction. Before beginning this action he demanded of defendant the return of the sum of $5,000 which he paid for the option, but his demand was not complied with and he now sues to recover that sum.

Plaintiff's action is brought on the theory that the option was or became nugatory, for various reasons, and hence the consideration for his payment of $5,000 failed, and that for that reason he is entitled to rescind and has rescinded the option agreement and may recover what he paid for it. Some claim was made in the injunction suit that the option was void because the consent of defendant's stockholders had not been obtained, as required by section 343 of the Civil Code, where a corporation undertakes to "sell, lease, convey, exchange or transfer or otherwise dispose of all or substantially all of its property and assets. . . ." This claim is repeated here by plaintiff. The facts necessary to support it are not alleged in the complaint nor do they otherwise appear in the record, except in a copy of the files in the injunction suit, which was admitted in evidence. Some, at least, of the facts necessary to show failure of the defendant corporation to comply with section 343 were pleaded by Keeler in his complaint in that action and admitted by defendant in its answer thereto. We doubt if this entitles us to consider this point. It was not pleaded as a basis of plaintiff's action, nor does it appear that the issue was tried by consent without a pleading, for the files of the injunction case were placed in evidence for quite a different purpose from that of showing the truth of facts alleged or admitted by the pleadings therein. But if the point is before us it is decided adversely to plaintiff in *Bradford* v. *Sunset Land and Water Company*, (1916) 30 Cal. App. 87 [157 Pac. 20]. We must regard the option as entirely valid at the time it was made.

Plaintiff's case, in all its other aspects, is founded on the assumption that the option was in some fashion invalidated

by the restraining order and temporary injunction, so that it was of no further force after the order was made. No authority is cited for this assumption, and we think it is not tenable under the circumstances of this case.

An option is not a sale of property, but a sale of a right to purchase. (*Hicks* v. *Christeson*, (1917) 174 Cal. 712, 716 [164 Pac. 395].) "Or, stated in another form, it is a right 'acquired by contract to accept or reject a present offer, within a limited or reasonable time in the future.' " (*Menzel* v. *Primm*, (1907) 6 Cal. App. 204, 209 [91 Pac. 754].) On acceptance the option becomes a contract of sale binding on both parties. (66 Corpus Juris 505; *Smith* v. *Post*, (1914) 167 Cal. 69, 74 [138 Pac. 705] ; *Rheingans* v. *Smith*, (1911) 161 Cal. 362, 367 [119 Pac. 494, Ann. Cas. 1913B, 1140] ; *Cushing* v. *Levi*, (1931) 117 Cal. App. 94, 104 [3 P. (2d) 958] ; *Menzel* v. *Primm, supra*.) This does not mean however, that a new contract is in fact made by and at the time of the acceptance. The contract has already been made, as far as the optionor is concerned, but it is subject to conditions which are removed by the acceptance. Were this not so, an option could never be enforced where the optionor died during the period allowed for exercise of the option and before its actual exercise, for dead men can make no contracts. And yet it is held that an option for which a consideration has been given can be enforced in such a case. (*Mueller* v. *Nortmann*, (1903) 116 Wis. 468 [93 N. W. 538, 96 Am. St. Rep. 997] ; *Rockland-Rockport Lime Co.* v. *Leary*, (1911) 203 N. Y. 469 [97 N. E. 43, L. R. A. 1916 F. 352, Ann. Cas. 1913 B, 62].) As stated in *Smith* v. *Bangham*, (1909) 156 Cal. 359, 365 [104 Pac. 689, 28 L. R. A. (N. S.) 522], ". . . the option vests in the grantee the right or privilege of acquiring an interest in the land, and, when accepted, entitles him to call for specific performance. [Citing cases.] Such right, when exercised, must necessarily relate back to the time of giving the option (*People['s] St. Ry. Co.* v. *Spencer*, 156 Pa. St. 85 [36 Am. St. Rep. 22, 27 Atl. 113]), so as to cut off intervening rights acquired with knowledge of the existence of the option."

This is a proper case for the application of the rule just quoted. The plaintiff here was not a party to the injunction suit and his rights could not be affected by any order or injunction made therein. He had a right existing when the injunction suit was filed, which, when exercised, would ripen into a contract of sale. The plaintiff in that action, Keeler, had notice of such right. If plaintiff had exercised his right

after the injunction, the contract so arising would have related back to the time of giving the option, and hence would not have been void by reason of the restraining order or the injunction, assuming, but not deciding, that a contract made in violation of such an order or of an injunction is void. If the injunction should be held to prevent the execution of a deed by defendant in performance of the contract, that would not affect the option, as such, and the parties would be in the same situation as in any other case where one party to a contract is prevented, by causes beyond his control, from performing it.

However, even if plaintiff had, before the injunction suit, made a binding contract of purchase and sale, he could not now complain of defendant's inability to make a conveyance without tendering full performance on his part. See *Lloyd* v. *Locke-Paddon Land Company*, (1935) 5 Cal. App. (2d) 211 [42 P. (2d) 367] ; also *Dennis* v. *Strassburger*, (1891) 89 Cal. 583 [26 Pac. 1070], where it was held that a vendee of real property who had paid part of the price could not rescind the contract and recover what he had paid, by reason of the vendor's inability to convey a clear title, without tendering the balance of the purchase price and demanding his deed. In *Laffey* v. *Kaufman*, (1901) 134 Cal. 391 [66 Pac. 471, 86 Am. St. Rep. 283], and *Walbridge* v. *Richards*, (1931) 212 Cal. 408, 414 [298 Pac. 971], it was held that even where the contract was oral, but it did not appear that the vendor was objecting to it on that ground, the vendee could not rescind and recover what he had paid without showing that he had paid, or offered to pay, the full consideration and had been met with a refusal or inability to convey.

These principles were applied to the case of an option in *Bradford* v. *Sunset Land etc. Company, supra*, (1916) 30 Cal. App. 87, 88, 90 [157 Pac. 20], where defendant corporation had executed to plaintiff a document which the court characterized as "an option to purchase the property therein described." It provided for payment of the price by installments on specified dates, the only acts necessary to an exercise of the option by plaintiff being the making of the payments as specified, but contained no agreement by plaintiff to make them. Plaintiff paid part of the price and then sued to recover it, claiming that the option agreement was void because it had not been approved by two-thirds of the stockholders of defendant corporation, as required in certain cases by section

361a of the Civil Code then in force. The court held that section 361a, which by its terms was limited to a sale, transfer or conveyance of the property, did not apply to plaintiff's "mere option to purchase." With this proposition established, it is obvious, although the court did not expressly so declare, that noncompliance with the code section cited would not render the option void, but would merely prevent the defendant there from making a valid conveyance when called upon to do so. The court there said "Until plaintiff performed or offered to perform the covenants imposed upon him as a precedent condition to the conveyance of the property by defendant, he was in no position to complain of the want of the action on the part of stockholders in giving assent to a sale and conveyance as to which, under the terms of the contract, he had lost all right . . . [T]he contract . . . was a mere option to purchase, the exercise of which on the part of plaintiff, and paying or offering to pay the purchase price in the manner therein specified, was necessary in order to place him in a position where he could, in any event complain of the failure of stockholders to signify assent." Applying this rule here it appears that plaintiff has done none of the acts which, by the option contract, were required of him to entitle him to a conveyance of the land by defendant. He has therefore shown no right to rescind on account of defendant's temporary inability to convey.

Plaintiff cites *Burks* v. *Davies*, (1890) 85 Cal. 110 [24 Pac. 613, 20 Am. St. Rep. 213], as opposed to the conclusion just stated. There the plaintiff had paid to the defendant $1,000 under an option to buy land, which sum, had the purchase been completed, would have been a part of the price. It turned out that defendant did not own all the land covered by the option, that plaintiff did not know this fact but defendant did, and that defendant also knew that plaintiff was ignorant of it but failed to inform him. On learning of this defect in defendant's title plaintiff rescinded and was allowed to recover the money he had paid, although he had never tendered further performance on his part. The case is distinguishable on this ground: there the optionor was required to make conveyance at any time within the option period of thirty days, on acceptance of the option, and was therefore, as the court held, "bound to be prepared at all times within the thirty days to convey a good title." That this is the real ground of the decision is declared in *Backman*

v. *Park,* (1910) 157 Cal. 607, 612, 613 [108 Pac. 686, 137 Am. St. Rep. 153]. Here the plaintiff's option allowed the defendant thirty days after acceptance to comply with the terms of the option; and while the injunction was not actually dissolved until after the option period and also this thirty days had passed, there is nothing to show that this could not have been accomplished sooner, or that, if plaintiff had accepted the option, defendant could not have complied with the agreement within the time limit. Moreover, the remarks of the court in *Burks* v. *Davies, supra,* on which plaintiff mainly relies seem inconsistent with this statement of the court in *Joyce* v. *Shafer,* (1893) 97 Cal. 335, 338 [32 Pac. 320], which was quoted and approved in *Hanson* v. *Fox,* (1909) 155 Cal. 106, 108 [99 Pac. 489, 132 Am. St. Rep. 72, 20 L. R. A. (N. S.) 338] : "One may sell land which he does not own, and yet be able, when the time of performance arrives, to furnish a good title. In the meantime the purchaser would not be at liberty to disaffirm the contract on the ground that then the vendor was unable to make a good title. It would be incumbent upon him to offer to perform, or to show that at the time of performance the vendor could not furnish the title." *Burks* v. *Davies, supra,* is also out of line with the following statement of the court in *Brimmer* v. *Salisbury,* (1914) 167 Cal. 522, 530 [140 Pac. 30], made after a review of many decisions on the subject: "This completes the review of our decisions, and, to summarize, they hold, first, that a contract to sell a piece of land by one without title will not be held fraudulent and void by virtue of the mere fact that the vendor had not such title. Deceit, concealment, or false representations upon which a vendee was entitled to rely will of course avoid such a contract . . ." The last sentence just quoted suggests a ground on which the decision in *Burks* v. *Davies, supra,* might well have rested, that is, concealment by defendant. This is mentioned in the opinion, but not much stress is laid on it. We do not regard this case as controlling authority here.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.