[Civ. No. 8253. First Appellate District, Division Two.—April 29, 1932.]

EMILY JACKSON, Respondent, v. RATERREE LAND CO., INC. (a Corporation), Appellant.

166

Harley E. Riggins and Sherman & Sherman for Appellant.

Winterer & Ritchie for Respondent.

JAMISON, J., *pro tem.*—This action is for rescission of a contract and return of money paid thereon.

The complaint sets forth three causes of action. The first cause of action is for failure of consideration in that defendant refused and neglected to perform its agreements contained in said contract. The second cause of action alleges fraudulent representations by reason whereof plaintiff was induced to enter into said contract, and the third cause of action is for money had and received.

Judgment was rendered in favor of plaintiff canceling the said contract and for the sum of $3,310.22 paid by her thereon. From this judgment defendant has appealed.

On February 18, 1926, respondent and appellant entered into a contract for the purchase by appellant of a certain lot in tract No. 7181, in the county of Los Angeles, for the sum of $4,500 upon the following terms: $1125 cash and the remainder in installments of $40 per month. Said contract provided that appellant, with reasonable diligence subject to delays beyond its control, would grade and install granite or oil and gravel roadways, and install curbs and sidewalks along all streets or portions of streets within said tract, install in the streets within said tract or along the rear end of the lots of said tract, water-pipes, gas-mains and electricity.

The court found, and this finding is supported by the evidence, that appellant did not, with reasonable diligence or at all, grade all the streets or portions thereof within the said tract 7181, nor install curbs or sidewalks upon all of said streets or portions thereof within said tract, nor install gas-mains containing gas, nor any electricity or appliances for same within said district, and that said failures were not caused by any conditions beyond its control.

Respondent produced evidence to the effect that on nearly every occasion when she paid the said monthly installments to appellant she called the attention of its agents to the fact that the improvements as called for by said contract had not been installed, and that she was invariably assured by them that these improvements would be shortly thereafter

installed. Also that she continued to pay her monthly installments up to April 18, 1929. That on or about that time she learned from George A. Coan, who was the secretary of appellant company, that appellant did not intend to carry out its agreement to install granite or oil and gravel that portion of Sepulveda Boulevard within said tract, but that the same would be done by the county of Los Angeles under an improvement act. And also became aware, at said last-named date, that the improvements consisting of gas-mains, electricity, sidewalks and curbing within said tract had not been completed. It is well settled that the failure or refusal of a vendor to perform his part of the contract entitles the purchaser, if not in default, to treat the contract as at an end and to recover any money which he has paid thereon. (*Burdick* v. *Kerkovecz,* 81 Cal. App. 786 [254 Pac. 684]; 25 Cal. Jur. 716; 6 Cal. Jur. 392.) Section 1689 of the Civil Code provides that a party to a contract may rescind it, "If through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part"; and also, "if such consideration, before it is rendered to him, fails in a material respect, from any cause".

 The failure and refusal of appellant to perform the said street work, in said tract, constructing curbs and sidewalks and installing electricity therein constituted a failure of consideration, within the meaning of said section. (*Andreoli* v. *Hodge,* 71 Cal. App. 762 [236 Pac. 333]; *Walker* v. *Harbor Business Blocks Co.,* 181 Cal. 773 [186 Pac. 356]; *Mills* v. *Richmond Co., Inc.,* 56 Cal. App. 774 [206 Pac. 486].)

The answer does not set up the plea of limitation against the first cause of action, nor does the evidence indicate that respondent waived her right to maintain this action.

As the judgment must be affirmed on the first cause of action we deem it unnecessary to discuss the matters involved in the second and third causes of action.

Appellant contends that the trial court committed error in admitting and rejecting evidence, but we find nothing in this action of the court that justifies a reversal.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.