[Civ. No. 4561. Third Appellate District.—June 8, 1932.]

C. S. ELLIS et al., Respondents, v. CLEAR LAKE BEACH COMPANY, a Copartnership, et al., Appellants.

Elmer P. Bromley and H. E. Lindersmith for Appellants.

Leo Freund and David Marcus for Respondents.

PARKER, J., *pro tem.*—Plaintiffs recovered judgment against defendants for the sum of $850, with interest and costs. Defendants appeal. The nature of the controversy may be outlined through a synopsis of the pleadings.

The complaint was in three counts. By the first count plaintiffs alleged a written contract for the sale of certain real estate, by the terms of which contract defendants agreed to sell to plaintiffs the property described upon the payment of the sum of $3,000. Payment in full was alleged, with the allegations of demand and refusal to convey, together with other appropriate allegations going to sustain a demand for specific performance. The second count alleged that plaintiffs had earned certain commissions as real estate salesmen which amounts were due and owing from defendants to plaintiffs and that plaintiffs had advanced to defendants other sums of money, the grand total alleged due being $3,000. The third count was for work and labor done and performed for the benefit of and at the special instance and request of defendants and for moneys advanced; the demand totaling $3,000.

The separate counts were intended as repetitions of the same claim. The answer admitted the execution of the contract of sale, but alleged that there had been paid thereunder no further sum or sums than would total the amount of $630. The answer further denies any breach on the part of defendants, but avers a willingness on their part to fully perform upon the payment of the full amount

of $3,000. The defendants deny specifically the allegations of counts two and three of the complaint.

The facts developed at the trial may now be considered. The defendants were the owners of a certain tract of land in the county of Lake, state of California, which said tract had been subdivided into lots of varying sizes and offered for sale to the general public. The plaintiffs were employed by defendants as salesmen and under the contract of employment the plaintiffs were to receive as remuneration for services all sums collected by them as first payments upon sales of the lots. Under their employment the plaintiffs sold certain lots, taking from the purchasers the promissory notes of the latter and retaining the same as their compensation. The total of these notes was in the amount of $1890. There was an accrued indebtedness, from defendants to plaintiffs, in the sum of $100 represented by a credit bonus certificate.

It was the desire of plaintiffs to purchase for themselves a certain lot, the selling price of which was $3,000. It was computed that the commission ordinarily allowed plaintiffs on the sale of a lot at this price would be $580. Lumping the notes and the credit with the commission makes total of $2,570. Plantiffs prepared a contract of sale between themselves and the defendants in which contract they specified as payments the amount $2,570 made up of the items indicated and in addition thereto they paid in cash the sum of $430, thus making the full price of $3,000. It was the contention of plaintiffs that thereby the lot was paid for in full and they were entitled to the deed for the same. Defendants offered testimony that the understanding was that the notes were not received by them in payment of the lot, but that they were taken for collection only and that credit was to be given to plaintiffs on the purchase price when, as, and if payments were made on the said notes.

It was evidently the conclusion of the trial court that the defendants were right on this feature of the case and inasmuch as but little had been received on the notes the court below declined to decree a specific performance.

There is no appeal by plaintiffs from the judgment and as this implied finding favors defendants and supports their

contention, we may, for the purposes hereof, pass the subject of specific performance.

It was, however, shown beyond dispute that plaintiffs had paid to defendants the said sum of $430, receipt of which was admitted; that collections had been made on the notes to the extent of $100 and that there remained due, credited to and payable to plaintiffs the sum of $326 as commissions arising out of the transactions reflected in the notes received by defendants for collection. It was further shown and admitted that the defendants still retained title to the lot in question and had made no conveyance thereof to the plaintiffs. It was from these facts that the trial court concluded that the plaintiffs were entitled to the return of the sum of $856.

The main ground and in fact the only ground urged by appellants in seeking a reversal of the judgment is that the trial court in effect rescinded the contract for the purchase of the lot at a time when defendants were not in default and without any showing or attempted showing of fraud, mistake or duress. We find little merit in the argument.

The evidence clearly developed the fact that there was never any meeting of the minds of the parties as to the exact terms or obligations of the contract of sale. The contract was prepared by the plaintiffs and received by an agent of defendants whose authority to do more than merely receive and file was admittedly lacking.

The plaintiffs had prepared and presented the contract on the terms most agreeable to them, namely, that they were to receive credit forthwith for the face value of the notes and the entire commission. The defendants, on the other hand, refused to accept this proposal and accepted the contract only with the provision that the cash payment of $430 was acknowledged as payment and that the notes were to be held and credits given as payments thereon were made by the makers and the commission withheld until full payment.

The defendants thereafter, without the consent or concurrence of plaintiffs carried on separate negotiations with the makers of the notes and the contract out of which the notes arose, to the end that the original contracts were canceled and, in some cases, new contracts entered into. The net

result was that it became impossible for either party to perform under the contract of sale between plaintiff and defendant. In the final analysis as the trial court concluded the defendants retained the sum of $856 for which the consideration had failed, which sum of money in justice and in equity defendants held for the use and benefit of plaintiffs.

Had the plaintiffs prosecuted the appeal some interesting questions might have been presented, but under the present state of the record, there being no complaint by plaintiffs, we think the conclusion of the learned trial judge finds ample support both in law and in fact.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.