[Civ. No. 12591. Second Dist., Div. One. Sept. 22, 1941.]

P. H. KROGER, Appellant, v. EUGENE BAUR, Respondent.

John Boyce-Smith for Appellant.

A. E. McManus for Respondent.

WHITE, J.—By his complaint plaintiff alleged that he was a licensed real estate broker; that as broker for one Walter Gage, and with the latter's written authority, he offered to sell to defendant certain real property for $47,500; that defendant informed plaintiff that he desired to purchase the property provided Gage would accept certain real property of defendant as part of the purchase price and provided plaintiff would otherwise assist defendant to close the transaction; that with the knowledge of said Gage defendant employed plaintiff as his broker to effect an exchange of defendant's real property, valued at $17,500, together with cash and trust deeds amounting to $30,000, for the property offered by Gage, and that defendant "stated, represented and promised verbally to plaintiff that he would pay plaintiff One Thousand Seven Hundred and Fifty ($1,750.00) Dollars for his services in effecting such exchange . . . "; that plaintiff duly performed all conditions on his part, but that "defendant made the promises mentioned in the foregoing paragraph without any intention of performing the same, or either thereof, and said promises were made by defendant falsely and fraudulently and in bad faith and for the purpose of deceiving plaintiff and thereby inducing him to perform services of the reasonable value of $1,900 without any agreement in writing for payment thereof, and with knowledge on defendant's part that a contract for such services is required to be in writing, and with the intention of defrauding plaintiff of compensation for such services. That plaintiff believed said promises, and relied thereon and, relying thereon, was thereby induced to perform said services. That prior to the performance of said services, and again immediately upon the performance thereof, plaintiff requested defendant to execute a written memorandum of such promises, signed by him, but defendant fraudulently contrived to prevent plaintiff from insisting that said promises be put

in writing and fraudulently persuaded and induced plaintiff not to insist upon a written agreement for payment of said $1,900 by assuring him that his, defendant's, word was as good as his bond and that he could trust him to carry out said promises without a writing.''

The defendant did not demur, but filed an answer denying the charges and alleging that plaintiff throughout the transaction acted solely as agent of Gage.

At the opening of the trial defendant objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was sustained and the cause dismissed. From the judgment of dismissal plaintiff appeals to this court.

An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission is invalid unless the same, or some note or memorandum thereof, is in writing, and subscribed by the party to be charged or by his agent. (Civ. Code, sec. 1624; Code Civ. Proc., sec. 1973.) Appellant contends that his action is not upon the invalid agreement, but is an action for damages for fraud, upon the theory that the oral promise to pay him a commission was made without any intention of performing it and for the purpose of inducing him to waive a written memorandum. If the law can be thus nullified by the transparent device of predicating a tort action upon the invalid oral promise on the ground that the promisor did not intend to perform it, then the section might just as well be stricken from the statute. To license such a circuitous procedure to evade the provisions of such legislation would be to nullify and destroy its wholesome effect and the protection it affords against fraud. Assuming, as we must, that the allegations of the complaint are true, nevertheless the hardship thus falling upon the plaintiff must be borne by him, as this situation is precisely that which the statute of frauds was designed to prevent. Without the protection of the statute, the defendant is called upon to meet the bald assertion of a promise to which he can interpose nothing but his simple denial. The various authorities cited by appellant do not support his position. They involve situations where, for equitable considerations wholly absent from the case at bar, it was held that a party had waived the statute or was estopped to set it up. In *Albany Peanut Co.* v. *Euclid Candy*

*Co.*, 30 Cal. App. (2d) 35 [85 Pac. (2d) 471], the elements of such estoppel are set forth. It is there said, at page 38:

"Before such an estoppel can arise the essential terms of the contract must be shown with reasonable certainty, and that representations were made by the opposite party that the invalidity of the contract under the statute would not be asserted, together with the fact that the party urging the estoppel has, pursuant to the terms of the contract, and induced by the representations and in reliance thereupon, changed his position to his detriment, the intention to make such change being known at the time to the one making the representations. The circumstances must clearly indicate that it would be a fraud for the party offering the inducements to assert the invalidity of the contract under the statute, and unless the words and conduct of the party sought to be held amount to an inducement to the other to waive a written contract in reliance upon the representation that the person promising will not avail himself of the statute of frauds there is an absence of fraud which is requisite to an estoppel."

Neither the complaint nor the offer of proof made by counsel for plaintiff at the trial present any facts warranting a conclusion that the plaintiff was fraudulently induced to alter his position or to suffer an unjust and unconscionable injury and loss. As pointed out by the trial judge, the situation between a licensed real estate broker and his alleged client is altogether different from that between persons who are unfamiliar with the statute of frauds or the law relating to such contracts. A real estate broker must be deemed to know that the agreement for his commission must be in writing. The plaintiff here alleges that he relied upon the word of a man who made repeated promises which both of them knew were unenforceable and that he so relied in the face of defendant's persistent refusal to bind himself by a written agreement.

The appeal from the order "granting defendant's motion to exclude the taking of testimony" is dismissed. The judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 17, 1941.