[Civ. No. 7058.   Third Dist.   Aug. 2, 1944.]

HARVEY J. THOMPSON et al., Appellants, v. CARL SCHURMAN, Respondent.

Douglas A. Nye for Appellants.

L. R. Lambert and A. W. Hollingsworth for Respondent.

THOMPSON, J.—The plaintiffs have appealed from an order granting a new trial in a suit to recover $1,000 paid upon an oral contract to purchase a dairy ranch, together with livestock and equipment. The action was commenced without a tender of further performance on the part of plaintiffs on the theory that the contract was void on account of alleged fraud and misrepresentations of the grantor. The statute of frauds was not pleaded. The court adopted findings adverse to the plaintiffs on the issue of fraud. A new trial was granted for lack of evidence to support the judgment. It is contended the court abused its discretion in granting the new trial.

The defendant owned a 260-acre dairy ranch near Santa Rosa in Sonoma County, together with seventy milk cows, forty calves, farming machinery and equipment. In July, 1941, the plaintiffs, after a personal inspection of the property, orally agreed to purchase it for the sum of $52,000 to be paid in specified installments. The contract was subsequently orally modified by mutual consent. All of the terms and conditions of the sale of properties were stipulated. August 6, 1941, pursuant to that contract, the plaintiffs paid defendant $1,000 "to apply on conditional contract of sale of ranch," for which payment the defendant signed his receipt. The contract provided for the further payments of $9,000 on September 1, 1941, and $750 every three months thereafter, at 6 per cent interest per annum, until $42,000 had been paid on the purchase price, at which time the defendant agreed to execute and deliver a good and sufficient deed of conveyance and bill of sale, free and clear of encumbrance,

upon delivery of a first deed of trust on the real property to secure the balance of $22,000, with 6 per cent interest per annum, also payable in installments of $750 every three months until the balance of the purchase price was fully paid. On September 1, 1941, the defendant executed and delivered to plaintiffs a written agreement of sale drawn in accordance with the previous terms and conditions orally stipulated. The plaintiffs refused to accept or execute the written agreement claiming that they had been defrauded by defendant's alleged misrepresentations to the effect that the dairy buildings were not constructed in accordance with sanitary dairy rules and regulations and that some of the milk cows were diseased. Plaintiffs thereupon repudiated their contract and demanded repayment of their deposit of $1,000, which was refused. This suit was commenced August 29, 1942. No tender of further performance of the contract was made by the plaintiffs. The asserted invalidity of the oral contract on account of the statute of frauds was not pleaded.

The amended complaint is couched in two counts. The first cause alleges that plaintiffs paid the defendant the sum of $1,000 on the purchase price of the property, relying upon false representations which were made by the defendant to the effect that the "milking barn and buildings" were constructed in accordance with the California statutes regulating dairy industries, and that the milk cows were free from disease, while, upon the contrary, the "barn used for containing cars and barn used for feeding and containing cattle were attached to and contiguous with barn used for milking cows, and that said dairy herd was diseased." The second cause in assumpsit merely alleges the payment of said sum of $1,000 with a promise on the part of defendant to repay it on demand; that demand for repayment of the money was duly made and refused. The prayer of the amended complaint merely demands judgment for the sum of $1,000, together with interest and costs of suit.

Neither count of the complaint alleges a tender on the part of plaintiffs to perform the terms and conditions of the contract. Nor is the statute of frauds specifically pleaded.

The material allegations of the amended complaint were denied by the answer which the defendant filed. He affirmatively alleged the terms and conditions of the oral contract

under which said sum of $1,000 was paid on the purchase price of the dairy ranch and personal property; that he had fully complied with all the terms of that contract, and that he was "ready and willing to complete said deal in accordance with the terms and conditions agreed upon by plaintiffs and the defendant."

The cause was tried by the court sitting without a jury. Findings were adopted adverse to the plaintiffs on their alleged charges of fraud and misrepresentations. Judgment for money had and received by the defendant in the sum of $1,000, together with interest and costs, was rendered on the second count in favor of the plaintiffs. On motion of the defendant a new trial was granted on insufficiency of the evidence to sustain the findings and decision. In that order the court said:

"At this time [when the sum of $1000 was paid] the parties had entered into an oral contract for the sale and purchase of defendant's dairy farm and herd; their directions to Lambert [the attorney] as to the terms and conditions were definite and certain, there was a complete meeting of their minds and—as stated—plaintiffs had paid $1000 to bind the bargain thus made. Thereafter the vendor, defendant herein, executed the formal contract as thus agreed upon."

The order granting the new trial concludes by saying that "since defendant was at all times ready and willing to fulfill his portion of the contract, plaintiffs cannot recover the money paid thereon. . . . For the reasons stated defendant's motion for new trial must be and the same is hereby granted."

The record adequately supports the conclusions of the trial court. Having determined the issues of alleged fraud against the plaintiffs, and it satisfactorily appearing that the $1,000 was paid to defendant on the purchase price of the dairy ranch and personal property in accordance with the terms and conditions of the oral contract of purchase, which the defendant was ready and willing to fulfill, we are unable to perceive how the court could have decided the motion for new trial otherwise, since plaintiffs were in default and failed to tender fulfillment of their contract. Even though it be conceded there is a conflict of evidence regarding the terms and conditions upon which the properties were agreed to be purchased, there is substantial evidence which would support a judgment in favor of the defendant. The court therefore

did not abuse its discretion in granting the motion for new trial.

█ The authorities are uniform to the effect that a trial court is invested with a broad discretion to grant or deny a motion for new trial, and that when the evidence is conflicting the order may not be disturbed on appeal where there is substantial evidence which would support a judgment in favor of the moving party. (*Tweedale* v. *Barnett*, 172 Cal. 271 [156 P. 483]; *Charles Lomori and Son* v. *Globe Laboratories*, 35 Cal.App.2d 248 [95 P.2d 173]; 20 Cal.Jur. 31, § 13.) In the Tweedale case it is said:

"It is a rule so well understood that discussion of it seems almost superfluous that the discretion of the court granting such a motion [for a new trial] is very broad, and the order will be upheld by the court to which an appeal is taken if it may be supported upon any of the assigned grounds. . . . [Citing authorities] We may not disturb such an order where there was at the trial a conflict of evidence upon material issues unless we can say that a verdict in favor of the moving party would not have found sufficient legal support in such evidence. (*Empire Investment Co.* v. *Mort*, 169 Cal. 732, [147 P. 960].)"

We may assume that if the defendant had procured plaintiffs to pay $1,000 on the purchase price of the dairy ranch and personal property by means of fraud and misrepresentations, the transaction would be voidable and plaintiffs would be entitled to disaffirm the contract and recover judgment for that amount, on the theory that the law implies a promise to repay the money thus obtained. (*Fitzhugh* v. *University Realty Co.*, 46 Cal.App. 198 [188 P. 1023]; *McCall* v. *Superior Court*, 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019]; 12 Cal.Jur. 785, § 51, 24 Am.Jur. 25, § 202.) █ But in the present case the court adopted findings against the plaintiffs on the issues of fraud. The record contains evidence to support those findings. For the purpose of determining whether the court abused its discretion in granting a new trial, we may not hold as a matter of law that the defendant was guilty of the alleged fraud and misrepresentations.

█ According to the great weight of authorities, including those found in the California jurisdiction, the vendee of real property under an oral contract which is within the

statute of frauds may not recover partial payment of the purchase price which he has paid pursuant to the agreement, in the absence of fraud, while the vendor is ready, able and willing to fulfill the terms and conditions of the contract. (*Laffey* v. *Kaufman,* 134 Cal. 391 [66 P. 471, 86 Am.St.Rep. 283]; *Walbridge* v. *Richards,* 212 Cal. 408, 413 [298 P. 971]; *Kroger* v. *Baur,* 46 Cal.App.2d 801 [117 P.2d 50]; 12 Cal.Jur. 922, § 92; 2 Williston on Contracts, rev.ed., 1562, § 538; 2 Restatement of the Law of Contracts, 618, § 355 (e); 132 A.L.R. 1489, note; 27 Cal.L.Rev. 475.)   In the authority last cited it is said:

"The more reasonable view seems to be that the unenforceable oral contract is a good defense to an action for the value of the services *until the contract is broken.* . . . Although the California Statute of Frauds [Civ.Code, § 1624, subd. 4, and Code Civ. Proc., § 1973, subd. 4] declares such an oral contract 'invalid,' *it is not void, but only voidable,* and is 'effective as to all the purposes for which it has been made . . . until its enforcement is voided upon the ground that it is not in writing.' "   (*Producers Fruit Co.* v. *Goddard,* 75 Cal.App. 737, 755 [243 P. 686]; *Long* v. *Rumsey,* 12 Cal.2d 334, 344 [84 P.2d 146]; 12 Cal.Jur. 921, § 91.)   (Italics added.)

It is further said at page 475:

"Where the vendee [of land] has paid part of the purchase price, the great weight of authority is that as long as the vendor is able and willing to perform, the oral contract is a good defense to an action by the vendee to recover the money paid; whether or not the vendee is in possession. . . ."

The text of 2 Williston on Contracts, *supra,* at page 1562, reads:

"Where money has been paid by the plaintiff as the whole or part of the price under an oral contract to buy land and he then fails or refuses to perform further, recovery of the money paid is almost universally disallowed if the seller is ready and willing to convey as he orally agreed."

To the same effect it is said in 2 Restatement of the Law of Contracts, section 355 (e), at page 618:

"Contracts within the Statute of Frauds are neither illegal nor void, even though the requirements for direct enforcement are not complied with.   A party who is not in default and who is willing to perform is not in any sense a wrongdoer; no

legal remedy is available against him, except to the extent that is indicated in section 357.''

The California cases last above cited support that doctrine.

The cases of *Jackson* v. *Raterree Land Co., Inc.*, 123 Cal. App. 165 [11 P.2d 8], *Ellis* v. *Clear Lake Beach Co.*, 124 Cal. App. 175 [12 P.2d 26] and *Carter* v. *Fox*, 11 Cal.App. 67 [103 P. 910], upon which the appellant relies, are not in conflict with the principle heretofore announced. In the Jackson case the court said:

''The failure or refusal of a vendor to perform his part of the contract entitles the purchaser, *if not in default,* to treat the contract as at an end and to recover any money which he has paid thereon.'' (Italics ours.)

In that case the vendor breached his contract. He was not able and willing to convey the land according to his agreement. He failed to grade adjacent streets or install sidewalks as he promised to do. In that rescission suit the court determined that the grantor, having defaulted in the covenants of his agreement to sell the land, could not retain the purchase price since the consideration failed.

In the Ellis case the plaintiffs were employed by the owner of land in Lake County to sell subdivided lots therefrom in consideration of commissions consisting of ''all sums collected by them as first payments upon sales of the lots.'' Plaintiffs sold certain lots and took notes from the purchasers thereof which they credited on their earned commissions. The defendant who owned the land, however, ''without the consent or concurrence of plaintiffs carried on separate negotiations with the makers of the notes,'' as a result of which, as the trial court found, ''The defendants retained the sum of $856 for which the consideration had failed.'' The District Court of Appeal therefore affirmed the judgment for said sum of money which was rendered in favor of plaintiffs. In other words, the plaintiffs were entitled to recover commissions pursuant to the terms of their contract because the defendant retained those payments in violation of its contract.

In the Carter case, similar to the two cases last mentioned, judgment for recovery of a portion of the purchase price of land was affirmed in favor of the vendee on the following ground:

''Defendant having failed and refused to convey the prop-

erty within the time specified and in accordance with his covenant, and as to which covenant time was expressly made the chief factor of importance, and plaintiff not being in default, the latter had a legal right to disaffirm and insist upon the repayment of the money.''

It thus appears that the vendor in the Carter case was in default and unwilling to convey the property according to the terms of his agreement, and for that reason the vendee was entitled to recover the purchase money which he had paid pursuant to the contract.

In the present case the vendor was at all times ready and willing to convey the property in strict accordance with the terms of his agreement. He was not guilty of failure to perform any covenant of the agreement. The preceding cases relied upon by the appellant therefore have no application to the facts of this case.

Finally, the appellant asserts that the court erred in granting the new trial because the contract to purchase the property would not become effective until the terms and conditions were subsequently reduced to writing and signed by the parties. It is true that a written contract was subsequently prepared and executed by the vendor in accordance with the terms and conditions orally agreed to by the parties on August 5th, which the purchaser refused to accept or sign on account of the alleged fraud. In support of the foregoing contention the appellants rely on the cases of *Stoddard* v. *Goldenberg*, 48 Cal.App.2d 319 [119 P.2d 800], and *Mercantile Trust Co.* v. *Sunset Road Oil Co.*, 176 Cal. 461 [168 P. 1037]. Those cases, however, may be readily distinguished from this case.

The rule is well established and uniformly followed that when the respective parties orally agree upon all the terms and conditions of a contract with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be thereafter prepared and signed does not alter the binding validity of the original contract. (*Nolte* v. *Southern Cal. Home Bldg. Co.*, 28 Cal.App.2d 532 [82 P.2d 946]; *Fly* v. *Cline*, 49 Cal. App. 414, 426 [93 P. 615]; 17 C.J.S. 390, § 49; 122 A.L.R. 1217, note; 6 Cal.Jur. 226, § 149.) The question as to whether an oral agreement, including all the essential terms and conditions thereof, which according to the mutual understanding of the parties is to be subsequently reduced to

writing, shall take effect forthwith as a completed contract *depends on the intention of the parties,* to be determined by the surrounding facts and circumstances of a particular case. (17 C.J.S. 391, § 49; 122 A.L.R. 1233, note.)  In the present case there is substantial evidence to support the determination of the trial judge that the terms and conditions of the oral contract agreed upon by the respective parties on August 5th, "were definite and certain; there was a complete meeting of their minds."  In support of that conclusion the appellant thereafter paid respondent the sum of $1,000 "to apply on conditional contract of sale of ranch," for which the vendor gave his written receipt, and the purchaser immediately took possession of the property.

Certainly, for the purpose of determining whether the court abused its discretion in granting a new trial we may not say as a matter of law that the oral agreement is not binding upon the parties in this suit to recover a voluntary payment of a portion of the purchase price, merely because it was agreed that a formal written contract, including the same terms and conditions, would be subsequently prepared and executed.

The order granting a new trial is affirmed.

Peek, J., and Adams, P. J., concurred.