⌊No. 30280. Department One. October 21, 1947]

AMERICAN, INC., *et al., Appellants,* v. ROBERT O. BISHOP *et al., Respondents.*[1]

*Horace H. Davis,* for appellants.

*Egan & Hinderer,* for respondents.

*Peyser, Bailey & Cartano, amicus curiae.*

HILL, J.— An agreement, contract, or promise authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission is void unless such agreement, contract, or promise, or some note or memorandum thereof, be in writing, signed by the party to be charged therewith or his agent. Rem. Rev. Stat., § 5825 [P.P.C. § 577-3], with particular reference to subd. (5) thereof.

An oral promise to pay such a commission is involved in the present case. Appellants, who were licensed real-estate brokers, contend that their action is not upon the void promise but is an action for damages for actual fraud and deceit. They allege that, when the respondents made

[1]Reported in 185 P. (2d) 722.

the promise to pay a commission if a purchaser was secured for their property, they

". . . had no intention of performing their said promises; that said promises were made for the purpose of defrauding and deceiving the plaintiff company and its agents, and inducing them to rely on the said promises and to act to their detriment and for the benefit of the defendants Bishop, where otherwise they would not have done so."

Appellants allege action on their part induced by and in reliance on the knowingly false representations. In fact, appellants have, with meticulous care, alleged every element of actionable fraud. The trial court sustained a demurrer to the complaint and entered a judgment of dismissal.

An even stronger case was before the California court of appeals in *Kroger v. Baur*, 46 Cal. App. (2d) 801, 117 P. (2d) 50, wherein a real-estate broker asked for an agreement in writing and was persuaded and induced not to insist upon the written agreement by assurance by the defendant that his, the defendant's, word was as good as his bond, and that he could be trusted to carry out his promises without a writing. At the opening of the trial, the defendant objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, and the case dismissed. In affirming this disposition of the case, the California court said:

"Appellant contends that his action is not upon the invalid agreement, but is an action for damages for fraud, upon the theory that the oral promise to pay him a commission was made without any intention of performing it and for the purpose of inducing him to waive a written memorandum. If the law can be thus nullified by the transparent device of predicating a tort action upon the invalid oral promise on the ground that the promisor did not intend to perform it, then the section might just as well be stricken from the statute. To license such a circuitous procedure to evade the provisions of such legislation would be to nullify and destroy its wholesome effect and the protection it affords against fraud. Assuming, as we must, that the allegations of the complaint are true, nevertheless the hardship

thus falling upon the plaintiff must be borne by him, as this situation is precisely that which the statute of frauds was designed to prevent. Without the protection of the statute, the defendant is called upon to meet the bald assertion of a promise to which he can interpose nothing but his simple denial."

The court further said:

"Neither the complaint nor the offer of proof made by counsel for plaintiff at the trial present any facts warranting a conclusion that the plaintiff was fraudulently induced to alter his position or to suffer an unjust and unconscionable injury and loss. As pointed out by the trial judge, the situation between a licensed real estate broker and his alleged client is altogether different from that between persons who are unfamiliar with the statute of frauds or the law relating to such contracts. A real estate broker must be deemed to know that the agreement for his commission must be in writing."

In *Cassidy v. Kraft-Phenix Cheese Corp.*, 285 Mich. 426, 280 N. W. 814, we find a comprehensive discussion of the question here presented, with reference to a different section of the statute of frauds. The same conclusion was reached as in *Kroger v. Baur, supra.*

■ We have considered the criticism of the *Kroger* case in 42 Col. L. Rev. 312, and of the *Cassidy* case in 37 Mich. L. Rev. 683, but we are nevertheless convinced that the rule which these cases lay down represents the public policy of this state. The reason for the addition of the subdivision of the statute of frauds with which we are here concerned was stated in *Chambers v. Kirkpatrick*, 142 Wash. 630, 253 Pac. 1074, as follows:

"Before the passage of that portion of the statute which we have quoted, there was much complaint over the claim of real estate agents for compensation for alleged services in making sales of real estate. It was to cure this evil that this statute was enacted. The general idea of the legislature must have been that, before any real estate agent or broker could recover for his services in selling or purchasing lands, his contract must be in writing."

If that policy is to be made effective, we must hold, as we do, that an action for damages cannot be maintained on the ground of fraud and deceit in refusing to perform a void parol contract to pay a real estate commission even though the defendant, at the time of the making of the contract, had no intention of performing it.

The judgment of dismissal is affirmed.

MALLERY, C. J., MILLARD, JEFFERS, and SCHWELLENBACH, JJ., concur.