### TOOBERT v. WOODS, Housing Expediter
### No. 12030.

United States Court of Appeals
Ninth Circuit.
May 7, 1949.

George W. Downing, Jr., Los Angeles, Cal., for appellant.

Ed Dupree, General Counsel, Office of Housing Expediter, Hugo V. Prucha, Asst. General Counsel, Benjamin I. Shulman, Special Lit. Attorney, Washington, D.C., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment in a suit brought by appellee restraining appellant[1] from collecting over-ceiling rents from tenants of five rented areas belonging to appellant in the Los Angeles Defense Rental Area and ordering a restitution of rents previously collected in violation of the Emergency Price Control Act and the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, §§ 901 et seq., 1881 et seq.

The district court found that appellant and one Hammond demanded and received the over-ceiling rents as "landlords" within rent regulations providing.

" 'Landlord' includes an owner, lessor, sublessor, assignee or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodations, or an agent of any of the foregoing." 10 F.R. 13528, and 12 F.R. 4331.

Appellant concedes that he owned in fee these rented areas and that the rents collected on the five parcels by Hammond were over the ceiling provided by these acts. He contends that the tenants were not his tenants but of Hammond, who held the rented areas, first for a year under an oral contract of purchase of these five rented areas and two others, and second for the remaining period of about fourteen months under an oral lease; and that all the rents were collected by Hammond and none received by him and hence that he was not a "landlord" within the above regulations.

The uncontradicted evidence is that such an oral contract of sale was made between appellant and Hammond by which Hammond was to purchase all the seven areas, the title to be in the name of Hammond's wife, who was then in Texas. An agreement in writing was drawn and awaiting Mrs. Hammond's signature. The property was insured against fire for the benefit of Mrs. Hammond, appellant and Hammond—clear evidence of a bonafide agreement of sale with Mrs. Hammond to obtain the title. On the total purchase price of $17,-500, $150 a month was paid by Hammond to appellant throughout the year.

Hammond disputed a claim of appellant that, under the sales agreement, Hammond was responsible for certain insurance on the property. The agreement was rescinded and an oral lease to Hammond at $125 per month was substituted. Appellee does not contend that $125 per month is in excess of the prescribed maximum rentals for the seven rented parcels, appellee having proved only the maximum rentals on five of the parcels.

The district court held this oral agreement of sale to be void. Its reasoning seems to be that since there was no contract of sale the appellant must be deemed to

---

[1] Under Sec. 206(b) of the Housing and Rent Act of 1947.

have received the rent of the buildings, though both Hammond and appellant testified to the contrary and no one of the tenants testifying states that he paid appellant anything. Continuing the reasoning seems to be that since such relationship of appellant with the tenants so began, it continued through the period of the oral lease.

█ In holding the contract of sale was void under the California law, the district court erred. In California the oral agreement of sale, at all the pertinent times here, was valid between the parties. In O'Brien v. O'Brien, 197 Cal. 577, 586, 241 P. 861, 864, the Supreme Court of California states:

"It is the general rule, however, that a contract falling within the operation of the statute, but made in contravention thereof, is not invalid in the sense that it is void. It is merely voidable. The statute is said to relate to the remedy only and not to affect the validity of the oral contract. 'Such a contract, if otherwise valid, remains so, and the sole effect of the statute is to render it unenforceable by one party against the will of the other who abandons or repudiates it.'"

And to the same effect, and explicitly holding that such a contract is not void, are: Ayoob, v. Ayoob, 74 Cal.App.2d 236, at 242, 168 P.2d 462; Thompson v. Schurman, 65 Cal.App.2d 432, at 438, 150 P.2d 509; Taylor v. J. B. Hill Co., 67 Cal.App.2d 581, 154 P.2d 926.

In Thompson v. Schurman, supra, as here, the vendee had paid part of the consideration on an oral contract for the sale of land. The vendee sued to recover the part payment, though the vendor had not repudiated the oral contract. The contract was held valid and the vendee not entitled to recover the part payment of the purchase price, the court stating, 65 Cal.App.2d at pages 437 and 438, 150 P.2d at page 512:

"According to the great weight of authorities, including those found in the California jurisdiction, the vendee of real property under an oral contract which is within the statute of frauds may not recover partial payment of the purchase price which he has paid pursuant to the agreement, in the absence of fraud, while the vendor is ready, able and willing to fulfill the terms and conditions of the contract. Laffey v. Kaufman, 134 Cal. 391, 66 P. 471, 86 Am.St.Rep. 283; Walbridge v. Richards, 212 Cal. 408, 413, 298 P. 971; Kroger v. Baur, 46 Cal.App.2d 801, 117 P.2d 50; 12 Cal.Jur. 922, sec. 92; 2 Williston on Contracts, Rev.Ed. 1562, sec. 538; 2 Restatement of the Law of Contracts, 618, sec. 355 [e]; 132 A.L.R. 1489, note; 27 Cal. Law Rev. 475. * * *"

██ With the burden of proof on the appellee, the record shows no evidence that appellant received anything other than the part of the purchase price paid by Hammond on the contract of sale and Hammond's rental on the succeeding lease. We hold that appellant did not bear the relationship of landlord to the tenants within the above rent regulations.

The judgment is reversed and the district court ordered to enter a judgment for appellant.