[No. 31589. Department Two. May 10, 1951.]

PAUL R. GERTZ, *Appellant,* v. GEORGE D. SHAEFFER *et al.,* *Respondents.*[1]

*Royal & Abbott,* for appellant.

*Chavelle & Chavelle,* for respondents.

ROBINSON, J.—It was alleged in the complaint in this cause that the defendants George D. Shaeffer and Sue M. Shaeffer had listed their house and lot with the plaintiff, a real-estate broker, by requesting one of his salesmen to

[1]Reported in 231 P. (2d) 273.

secure a purchaser for it; that a representative of the plaintiff showed the property to the defendants Harold L. Bill and Ruby M. Bill, and that these latter indicated a desire to buy it; that they came to the office of the plaintiff and took from him a copy of a proposed earnest-money receipt (to which a commission agreement was attached), stating that, before signing it, they wished to consult with their attorney; and that they agreed to return the earnest-money receipt and commission agreement to the plaintiff in order that he might proceed to negotiate with the Shaeffers and "have a chance to obtain their acceptance and thereby protect himself in obtaining a commission for the sale of the property." It was further alleged that, on several occasions after this, the plaintiff was assured that a copy of the executed earnest-money receipt and commission agreement would shortly be forthcoming; but it would appear that, in fact, the property was sold without further intervention on the plaintiff's part, and that he never received his commission.

The amended complaint consisted of two causes of action, one based upon an alleged conspiracy among the various defendants, the other upon fraud and deceit. In each count, the plaintiff claimed damages in the sum of four hundred seventy-five dollars, this being the sum which, it was alleged, would have been due him as his commission under the proposed agreement. The trial court granted a demurrer to the complaint and dismissed the action. Plaintiff has appealed.

The demurrer, of course, was based upon the statute of frauds, which provides that any agreement, contract, or promise authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission is void unless such agreement, contract, or promise, or some note or memorandum thereof, be in writing and signed by the party to be charged therewith or by his agent. Rem. Rev. Stat., § 5825 (5) [P.P.C. § 577-3].

It is sought to avoid the effect of this statute in the following manner:

"In this case the appellant Gertz is not suing here for a commission as such, because the appellant admits that he had no written agreement for a broker's commission. What the appellant is here claiming is that through a conspiracy entered into by these respondents the appellant was prevented from soliciting a written commission agreement in support of the oral promise to pay and that if the scheme had not been put into operation, the appellant could have procured such an agreement."

■ We are not disposed to permit the statute to be nullified by any such verbal circumlocution as this. Counsel for appellant has vigorously maintained, particularly by way of an effective oral argument, that it is bad from the standpoint of public policy to allow unprincipled individuals to take advantage of honest real-estate brokers in the manner described in his complaint. That may well be true. But the legislature, in passing the subdivision of the statute with which we are here concerned, apparently considered that the possibility that unscrupulous real-estate brokers might assert the existence of commission agreements which had not in fact been made, represented the greater evil. See *Chambers v. Kirkpatrick,* 142 Wash. 630, 253 Pac. 1074; *American, Inc. v. Bishop,* 29 Wn. (2d) 95, 185 P. (2d) 722.

■ As for plaintiff's second cause of action, that, we think, cannot stand by reason of our decision in the *American, Inc.* case, *supra,* where we held that:

"An action for damages cannot be maintained on the ground of fraud and deceit in refusing to perform a void parol contract to pay a real estate commission even though the defendant, at the time of the making of the contract, had no intention of performing it."

Appellant states that, in that case, the allegation was that the seller lied when he said, "You do not need a written agreement, my word is my bond," and that, here, it is asserted that the seller misrepresented an existing fact when he said to the broker, "We have executed a written agreement to pay a commission." But this appears to us to be a distinction without a difference. In essence, all that appellant is claiming here is that he was deprived of a commis-

.sion for his part in the sale of this real property, though legitimately entitled to that compensation by virtue of an alleged oral understanding between himself and respondents. With respect to such a claim, the principle, if not the direct holding, of the *American, Inc.* case must control.

The judgment of dismissal is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.