[Civ. No. 24092.   Second Dist., Div. Three.   May 26, 1960.]

LEE R. WOODARD, Respondent, v. JOHN SCHWARTZ
et al., Appellants.

Charles Murstein and Gerald M. Persion for Appellants.

Edwards & Edwards and Mark U. Edwards for Respondent.

BISHOP, J. pro tem.*—On behalf of the appealing defendant it is repeatedly stated that but one question is involved on this appeal: Does the evidence support the findings of fact? We see no reason to disagree with the defendant in this position, but we do differ with the answer he gives to the question. We have concluded that the evidence gives substantial support to the findings, and therefore conclude that the judgment should be affirmed.

The contention of the defendant that the evidence is insufficient to support the crucial findings is twofold: That there is no evidence that the parties ever came to a meeting of the minds; but that if they did, a contract did not result because it was their intention to put it in writing, and this they never succeeded in doing. These two positions are somewhat intertwined in defendant's presentation, for in large measure his contention that there was no meeting of the minds is dependent on the fact that their attempts to agree upon the terms to go into the writing were unproductive.

The first finding of fact, one that the defendant challenges, gives us a pretty good understanding of what the action is about. It reads: "Plaintiff and defendant John Schwartz engaged in preliminary negotiations approximately two weeks prior to June 1, 1956, and on the 1st day of June, 1956, plaintiff and defendant John Schwartz entered into a verbal contract at the residence of the plaintiff, which contract had terms as follows: Plaintiff and defendant should associate themselves together to carry on the business known as California Plumbing Supply; that the term of the association would be for a period of one year unless earlier terminated by the acts of one of the associates; that plaintiff was to act both as an inside and an outside man performing generally the duties of a salesman; that the profits of the business known as California Plumbing Supply were to be divided equally between the plaintiff and defendant John Schwartz, such profit to be determined by first deducting normal business expense, $250.00 per month rental on buildings and trucks, and 6% of the cost of the inventory; that defendant John Schwartz would pay plaintiff as an advance against the profits of said California Plumbing Supply the sum of $50.00 per week; that the first division of profits would be on the 31st day of December, 1956, at the time of the taking of the annual inventory of the business."

*Assigned by Chairman of Judicial Council.

■ We shall not undertake to review the evidence in any great detail. It suffices to say that plaintiff's testimony furnished support for the findings, and the trial court could well have believed that the defendant agreed with plaintiff's account in all important details, save one: The duration of the contract. In his opening statement, the attorney who was at the time defendant's counsel began: "It is true . . . a verbal employment contract was entered into between the parties. . . ." Then, after reciting some of its terms, he continued: ". . . but I differ with the counsel for the plaintiff in that I think that the agreement definitely contemplated that the plaintiff was to stay in the employment of the defendant for over a year. . . ." We do not say that the finding is supported by this statement of counsel, but it is by the defendant's testimony to the same effect. The defendant was asked: ". . . when he went to work for you on Monday following the June 1st meeting, you two had agreed that he would work there for $50 a week, and that there would be an accounting in December, the 31st, 1956; the profit of the business was going to be divided 50-50 and, of course, his drawing and your drawing was going to come out of the profit?" To this question he replied: "Only if he stayed a number of years so that inventory would be taken in the customary procedure at the end of each year. Then he would be entitled to share on a profit basis." But with respect to the duration of the contract, the plaintiff had testified definitely. It was to be for a year, subject to either party putting an end to it on two weeks' notice.

The plaintiff went to work as agreed; he was paid regularly each week; he quit the end of February, 1957, because the defendant refused to make an accounting. The court awarded a judgment against the defendant of $5,756.85. No question is raised as to the correctness of this amount.

It is true that the parties intended that their agreement should be put into writing. As the defendant remarked in answer to a question: ". . . you would naturally want it in writing, would you not?" But the trial court was fully warranted in concluding that the execution of a writing was never intended by either party to be a condition precedent to the coming to life of their agreement. ■ Of a similar situation this court had this to say, in *Skirball* v. *RKO Radio Pictures, Inc.* (1955), 134 Cal.App.2d 843, 861, 862 [286 P.2d 954, 966]: "In *Thompson* v. *Schurman*, 65 Cal.App.2d 432 [150 P.2d 509], it was said at page 440: 'The rule is well estab-

lished and uniformly followed that when the respective parties orally agree upon all the terms and conditions of a contract with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be thereafter prepared and signed does not alter the binding validity of the original contract. . . . The question as to whether an oral agreement, including all the essential terms and conditions thereof, which according to the mutual understanding of the parties is to be subsequently reduced to writing, shall take effect forthwith as a completed contract *depends on the intention of the parties,* to be determined by the surrounding facts and circumstances of a particular case.' '' For many cases illustrating the principle see West's California Digest, key number 32 of Contracts.

The judgment is affirmed.

Vallée, Acting P. J., and Ford, J., concurred.