**Herbert P. CAPLAN et al.,**
**Appellants,**

v.

**John H. ROBERTS et al.,**
**Appellees.**

**No. 73–2040.**

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1974.

**1040**

Raymond E. Ball, of Friedman, Collard & Kauffman, Sacramento, Cal., for appellants.

Glen H. Ehlers, of Bullen, McKone & McKinley, Sacramento, Cal., for appellees.

Before CHAMBERS and GOODWIN, Circuit Judges, and KELLEHER,] District Judge.*

## OPINION

PER CURIAM:

This appeal is from an order granting to appellee summary judgment in a diversity case. The central issue is whether the appellee is estopped from raising the defense of the statute of frauds in an action for damages based on his alleged breach of an oral contract.

In granting appellee's motion for summary judgment, the District Court, applying California law, ruled that no estoppel applied. We affirm.

The uncontroverted facts established that an oral agreement was entered into in May of 1970 for the purchase by appellant from appellee of heavy construction equipment at a price of $35,000, f. o. b. Quarry Site, Butte, Montana. After an initial phone conversation in which the oral agreement was made, there were several conversations between the parties during the next ten months, including a visit by one of the appellant's agents from its offices in California to Montana to inspect the equipment; in each such conversation appellant was confirmed in his belief that an agreement was in effect. When the oral agreement was made, similar equipment was available to appellant from four other sellers, but in reliance on the oral agreement, appellant refrained from obtaining the equipment from any of these firms. In further reliance on the agreement, appellant negotiated to resell the equipment to five separate buyers, anticipating profits from the resale of $30,500. In March of 1971, appellant demanded delivery pursuant to the oral agreement, but was then informed that appellee had sold the equipment to several other firms, one of whom was a firm with which appellant had negotiated a resale agreement. Similar equipment was no longer available in the local market or elsewhere.

Appellant filed suit in two claims, one on the contract and another in fraud, asking $30,500 actual damages for loss of profits and $25,000 punitive damages. Appellee moved for summary judgment, asserting as a defense the California statute of frauds, Section 2201 of the California Commercial Code, which provides that an enforceable contract for the sale of goods for a price in excess of $500 requires a sufficient writing signed by the party to be charged. In response, appellant argued that appellee should be estopped from using the statute of frauds as a defense.

■ Under California law, which appears to apply, and the parties do not suggest that any other applies, the doctrine of estoppel to assert the statute of

---

* Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

frauds has been consistently employed by the courts "to prevent fraud that would result from refusal to enforce oral contracts in certain circumstances. Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract . . . , or in the unjust enrichment that would result if a party who had received the benefits of the other's performance were allowed to rely upon the statute." Monarco v. Lo Greco, 35 Cal.2d 621, 623–624, 220 P.2d 737, 739–740 (1950). See also, Irving Tier Co. v. Griffin, 244 Cal.App. 2d 852, 53 Cal.Rptr. 469 (1966).

In considering the two alternative theories of *Monarco, supra,* clearly the facts here reveal no unjust enrichment resulting from any benefits conferred on appellee by the part or full performance of appellant—there was no performance by appellant. Accordingly, we need only address the question of whether appellant would suffer unconscionable injury if appellee were allowed to assert the bar of the statute of frauds and thereby prevent the enforcement of the oral agreement.

In Little v. Union Oil, 73 Cal.App. 612, 238 P. 1066 (1925), a case with similar facts, the parties entered an oral agreement whereby the defendant agreed to supply the plaintiff with gasoline for one year. In reliance on the agreement, the plaintiff contracted with a third party to resell to them the gasoline supplied by defendant. The defendant subsequently refused to deliver under the contract, and the plaintiff in turn was unable to perform his contract with the third party, thereby losing the anticipated profits of the contract. The California appellate court affirmed the trial court's rejection of this estoppel theory:

"Appellant's position, in view of the facts pleaded, is that of one who, while he has relied on representations which, the other elements being present, would result in an estoppel, has not changed his position to his injury; but, the general market conditions being such that a resale at a profit is certain, he contends that to permit the seller to assert the invalidity of the oral agreement would result in a change of his otherwise advantageous position in the market and a consequent loss. The result of such application of the doctrine would be its use as an instrument of gain or profit, while its object is protective and limited to saving harmless or making whole the person in whose favor it arises." (Citations omitted.) *Supra* at 620, 621, 238 P. at 1069.

*Little* controls here, for the only injury appellant, as the buyer under the oral contract, might have suffered from the seller's refusal to deliver, is the loss of the profit he was to make on the resale of the equipment. And, as Carlson v. Richardson, 267 Cal.App.2d 204, 208, 72 Cal.Rptr. 769 (1968) noted, the mere "loss of bargain, and damage resulting therefrom, do not themselves estop a seller from relying upon the Statute of Frauds."

Having found that, under California law, appellee should not be estopped from raising the defense of the statute of frauds as to the claim for breach of contract, we next turn to the claim in tort for fraud. The only basis in the record for the claim of fraud is the allegation in the original complaint that appellee did not intend to sell the equipment to appellant. Under California law, where the alleged oral agreement is unenforceable under the statute of frauds, a buyer cannot recover from a seller for fraud on the ground that the oral promise was made without the intention of performing it. Kroger v. Baur, 46 Cal.App.2d 801, 803, 117 P.2d 50, 52 (1941). In *Kroger* the Court noted that if the law can be nullified by "the transparent device of predicating a tort action upon the invalid oral promise on the ground that the promisor did not intend to perform it, then the section

might just as well be stricken from the statute. To license such a circuitous procedure to evade the provisions of such legislation would be to nullify and destroy its wholesome effect and the protection it affords against fraud. . . . Without the protection of the statute, the defendant is called upon to meet the bald assertion of a promise to which he can interpose nothing but his simple denial." *Supra*, at 803, 117 P.2d at 52.

While we have determined that under California law appellee should not be estopped from raising the statute as a defense, this case is before us on appeal from a grant of summary judgment and, therefore, we look to the law of this Circuit to decide if that motion was properly granted.

 Summary judgment is "proper only where there is no genuine issue of any material fact or where viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." Stansifer v. Chrysler Motors Corp., 487 F.2d 59, 63 (9th Cir. 1973). In California, unless but one inference can be drawn from the evidence, estoppel is a question for the trier of fact. Irving Tier Co. v. Griffin, *supra*, 244 Cal.App.2d at 861, 53 Cal.Rptr. 469; Goldstein v. McNeil, 122 Cal.App.2d 608, 265 P.2d 113 (1968). But the mere allegation of an oral contract and reliance thereon, however, is alone insufficient to require submission of an estoppel claim to the trier of fact. See Carlson v. Richardson, *supra*, 267 Cal.App.2d at 208, 72 Cal.Rptr. 769.

 After a review of all the facts, as to which no genuine issue exists, we are of the opinion that no unconscionable injury would be incurred by appellant if he were prevented from enforcing this oral agreement. We are persuaded that this is the only conclusion that might reasonably and properly be drawn from the facts.

Judgment affirmed.