**Ruby M. BROWN, Plaintiff,**

v.

**Donald DEVINE, as Director, Office of Personnel Management, Defendant.**

**No. C–82–6277 SC.**

United States District Court,
N.D. California.

Oct. 14, 1983.

James A. Blake, Morrison & Foerster, San Francisco, Cal., for plaintiff.

John Russoniello, U.S. Atty., San Francisco, Cal., for defendant.

## ORDER RE CROSS–MOTIONS FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff brings this action seeking judicial review of decisions by the Office of Personnel Management (OPM) and its predecessor, the Bureau of Retirement, Insurance and Occupational Health ("BRIOH"), terminating her Civil Service survivor annuity benefits. Federal question jurisdiction is proper under 5 U.S.C. §§ 702 and 8341, and 28 U.S.C. § 1331(a). The matter is currently before the court on the parties' cross-motions for summary judgment. For the reasons set forth below, the motions are denied.

Plaintiff received Civil Service survivor's annuities benefits from October of 1973 until February of 1975, pursuant to Mr. Brown's election to receive a reduced retirement annuity in order to provide benefits for his surviving wife. In February 1975 BRIOH suspended plaintiff's benefits pending verification of her marriage to Mr. Brown.

BRIOH terminated plaintiff's benefits in May 1975 because of a technical invalidity in the Brown's marriage. In 1939 plaintiff married a Mr. Jack Chew, lived with him for less than two years, and then severed all contact thereafter. In 1943 plaintiff married Mr. Brown without first securing a divorce from Mr. Chew. Although plaintiff obtained an ex parte divorce from Mr. Chew in 1946, the Browns did not remarry and the legal problem with their marriage remained. The parties do not dispute the technical invalidity of the Brown's marriage. BRIOH concluded that the invalidity prevent plaintiff from being a spouse within the meaning of 5 U.S.C. § 8341(b).

On April 15, 1981, plaintiff appealed BRIOH's decision to the Merit Systems Protection Board (MSPB). This appeal was denied on the basis that it was time-barred

under the applicable regulations. Specifically, MSPB found that a May 1, 1975 letter sent to plaintiff by BRIOH notified her of both the termination of benefits and of her right to appeal the termination within six months. Consequently, MSPB concluded that the appeal was untimely because it was not filed until 1981 and because plaintiff was not prevented by circumstances beyond her control from making a timely filing.

Plaintiff sought reconsideration of the MSPB decision on August 14, 1981, and the decision was affirmed. On April 1, 1982, a further request for reconsideration was also denied. Plaintiff then filed a new application for benefits with OPM on the ground that putative spouses are within the meaning of "spouse" in 5 U.S.C. § 8341. By letter of September 8, 1982, OPM declined to reopen the file and consider plaintiff's application for prospective benefits. The instant action followed.

■ Summary judgment is proper only when there is no issue of material fact or when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543 (9th Cir.1975); *Caplan v. Roberts*, 506 F.2d 1039, 1042 (9th Cir.1974). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ Defendant initially contends that plaintiff's appeal of the original BRIOH decision in 1975 was properly barred as untimely under the applicable regulations. Plaintiff, however, has specifically denied ever receiving the May 1, 1975 letter notifying her of the termination of benefits and of the right to appeal within six months. Further, the applicable regulations permitted a waiver of time limits when the claimant was not notified of the right to appeal and was not otherwise aware of it. 5 CFR § 772.302(b) (1975 ed.). Accordingly, an issue of fact exists as to whether plaintiff was actually notified of her appeal rights.

Summary judgment is hence not appropriate with regard to the timeliness issue.

Defendant next argues that, notwithstanding an issue as to timeliness, plaintiff states no claim for survivor's benefits because putative spouses are not eligible for such benefits within the meaning of 5 U.S.C. § 8341. Plaintiff asserts that putative spouses are "spouses" within the meaning of the statute and, accordingly, that she is entitled to summary judgment at least with respect to her application for prospective survivor's benefits.

■ The Civil Service retirement statute in issue, 5 U.S.C. § 8341, does not define "spouse" or "widow". It is settled that, in the absence of a federal statutory provision expressly superseding state law, the content of terms defining familial relationships must be determined with reference to state law. *De Sylva v. Ballentine*, 351 U.S. 570, 580, 76 S.Ct. 974, 979–980, 100 L.Ed. 1415 (1956); *Powell v. Rogers*, 496 F.2d 1248, 1250 (9th Cir.1974), *cert. denied* 419 U.S. 1032, 95 S.Ct. 514, 42 L.Ed.2d 307 (1974).

■ California law expressly recognizes the putative spouse doctrine. Cal. Civil Code § 4452. Thus, putative spouses have been accorded the status of legal spouses with respect to rights of succession, *Estate of Krone*, 83 Cal.App.2d 766, 769–70, 189 P.2d 741 (1948), and the right to death benefits, *Brenfleck v. Workman's Comp. App. Bd.*, 3 Cal.App.3d 666, 672, 84 Cal.Rptr. 50 (1970). Moreover, federal courts in this circuit interpreting California law have held that a putative spouse is a "surviving wife" within the meaning of the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, *Powell v. Rogers*, supra; *Holland America Insurance Company v. Rogers*, 313 F.Supp. 314 (N.D.Cal.1970), and a "widow" within the meaning of the Social Security Act, 42 U.S.C. § 416. *Aubrey v. Folsom*, 151 F.Supp. 836 (N.D.Cal.1957). Accordingly, this court concludes that putative spouses are "spouses" within the meaning of 5 U.S.C. § 8241.

Under California law, a person is a putative spouse if that person entered into the marriage with a good faith belief that the marriage was valid. *Neureither v. Workman's Comp. App. Bd.*, 15 Cal. App.3d 429, 434, 93 Cal.Rptr. 162 (1971). Whether plaintiff entered into her marriage with Mr. Brown with such a good faith belief is a question of material fact. Consequently, summary judgment is inappropriate.

In accordance with the foregoing, it is hereby ordered that the parties' cross-motions for summary judgment are denied.